# EXHIBIT 5

# IN THE SUPREME COURT OF FLORIDA
(Before a Referee)

| | |
|---|---|
| THE FLORIDA BAR, | Supreme Court Case No. SC11-247 |
| Complainant, | |
| vs. | The Florida Bar File No. 2011-70,621(11A) |
| LARRY ELLIOT KLAYMAN, | |
| Respondent. | |
| _____/ | |

## REPORT OF REFEREE

### I. SUMMARY OF PROCEEDINGS:

Pursuant to the undersigned being duly appointed as Referee for the Supreme Court of Florida to conduct disciplinary proceedings as provided for by Rule 3-7.6 of the Rules Regulating The Florida Bar, consideration of this cause was undertaken. All of the pleadings, notices, motions and orders are forwarded with this report and the foregoing constitute the record in this case.

The following attorneys appeared as counsel for the parties:

    On behalf of The Florida Bar:   Daniela Rosette
                                             The Florida Bar
                                             444 Brickell Avenue
                                             Suite M100
                                             Miami, Florida 33131

    On behalf of Respondent:       *Pro se*

PUBLIC RECORD

MDC

Respondent has submitted an Unconditional Guilty Plea and Consent Judgment for Discipline ("Consent Judgment"), which provides for a Public Reprimand, to be administered by publication.

The position of The Florida Bar, as approved by a Designated Reviewer of the Eleventh Judicial Circuit, is that Respondent's plea be accepted.

## II. **FINDINGS OF FACT:**

### A. Jurisdictional Statement:

Respondent is and was at all times hereinafter mentioned, a member of The Florida Bar, and subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.

### B. Narrative Summary of Case and Facts:

In this Consent Judgment, Respondent admits certain factual matters, which I hereby accept and adopt as the findings of fact in this cause, to-wit:

1. On or about November 11, 2007, Natalia Humm ("Humm") filed a grievance against Respondent alleging that he had had failed to provide services in her criminal case after she paid him a $25,000 retainer.

2. The parties ultimately agreed to submit this matter to The Florida Bar Grievance Mediation Program, and a Mediation Agreement was signed on February 3, 2009. According to the terms of the Mediation Agreement,

Respondent agreed to pay Humm $5,000 within ninety (90) days from the date of the Agreement.

3. On or about June 3, 2009, Jonathan I. Rotstein ("Rotstein"), the attorney who represented Humm in the mediation, sent a letter to The Florida Bar indicating that Respondent had failed to comply with the terms of the Mediation Agreement and further indicating that he did not think Respondent had "any intentions of honoring same."

4. On or about June 11, 2009, The Florida Bar forwarded Rotstein's letter to Respondent, requesting his response within seven (7) days from the date of The Bar's letter.

5. In response to The Florida Bar, Respondent indicated that he was facing a very difficult financial situation, but that he had every intention of honoring his agreement with Humm. Respondent further indicated that he would be able to pay the outstanding amount by September 30, 2009.

6. Respondent did not provide his payment by September 30, 2009, and therefore, on or about October 22, 2009, The Florida Bar sent him a follow-up letter advising him that failure to comply with the terms of the Mediation Agreement was a violation of Rule 14-5.1(b) of the Rules Regulating The Florida Bar and giving him a final deadline of November 20, 2009 to comply.

7. Respondent again did not to comply with the Mediation Agreement, and therefore, on December 4, 2009, The Florida Bar sent him a letter advising him that a new file had been opened on the basis of his failure to comply with the terms of the Mediation Agreement, which would be considered by the grievance committee.

8. Immediately prior to the grievance committee's meeting, Respondent submitted a response where he indicated that he had been unable to comply with the Mediation Agreement for financial reasons and that he was actually in the process of filing for bankruptcy. Nevertheless, Respondent advised that he still intended to honor the Agreement.

9. Prior to making its final determination, the grievance committee requested that Respondent provide specific evidence of his financial situation, in affidavit form. Respondent provided a supplemental response, which included the financial information requested. In addition, Respondent enclosed a check in the amount of $1,000, payable to Humm, and made a promise to continue making good faith payments of at least $500 per month until the entire $5,000 was paid in full.

10. Based on Respondent's payment of $1,000, the financial information provided, and his assurances that he would continue making monthly good faith

4

payments to Humm, the grievance committee ultimately determined that the matter should be closed with a finding of no probable cause and a letter of advice to Respondent.

11. Respondent made two additional payment of $500 each, but did not make any additional payments at that time because of his claimed continued financial distress.

12. Rotstein sent letters to The Florida Bar on May 12, August 18, and December 14, 2010 requesting its assistance in obtaining the outstanding payments from Respondent. The Florida Bar forwarded those letters to Respondent, who initially responded and promised to continue making payments.

13. Respondent's next communication with The Bar was on August 23, 2010, when he indicated that he had been in a serious auto accident and that he continued to suffer financial distress, but promised that he would be sending an additional payment to Humm. Respondent moved during the interim period and he claims that he did not timely receive certain correspondence from The Bar, which ultimately led to a probable cause finding and the filing of a formal complaint with the Florida Supreme Court.

14. On or about March 9, 2011, after a formal complaint had been filed with the Florida Supreme Court in this matter, and after he received the

correspondence referenced in paragraph 13 above, Respondent contacted The Bar to advise that he would accept the offer to reach a resolution of this matter. Respondent further advised that he was now in a position to make the outstanding payment in the amount of $3,000 to Humm, and he immediately made such payment, in full satisfaction of his outstanding obligation under the Mediation Agreement.

### III. RECOMMENDATION AS TO GUILT:

Based on the foregoing, I recommend that Respondent be found guilty of violating the following Rule Regulating The Florida Bar: Rules 3-4.3 (misconduct and minor misconduct), 4-8.4(a) (a lawyer shall not violate or attempt to violate the Rules of Professional Conduct), 4-8.4(g) (failure to respond to The Florida Bar), and 14-5.1(b) (effect of respondent's failure to attend or comply with mediation) of the Rules Regulating The Florida Bar.

### IV. RECOMMENDATION AS TO DISCIPLINARY MEASURES TO BE APPLIED:

Having reviewed the record of these proceedings, I find that Respondent's plea and the recommendation of The Florida Bar as to the term of discipline are both fair to Respondent and in the best interests of the public. Accordingly, Respondent's Unconditional Guilty Plea and Consent Judgment for Discipline and

the term of discipline recommended by The Florida Bar are accepted and hereby adopted as the recommendation of this Referee in this matter.

V. **PERSONAL HISTORY AND PAST DISCIPLINARY RECORD:**

Prior to recommending discipline pursuant to Rule 3-7.6(k)(l), I considered the following:

 A. Personal History of Respondent:

  Age: 60
  Date admitted to The Florida Bar: December 7, 1977
  Prior Discipline: None

 B. Factors Considered in Mitigation: I find that the following factors, which were submitted by Respondent, apply in mitigation:

  9.32(a) - absence of prior disciplinary record
  9.32(c) - personal or emotional problems
  9.32(g) - character or reputation
  9.32(l) - remorse

VI. **STATEMENT OF COSTS**: I find that pursuant to Rule 3-7.6(q) of the Rules of Discipline, reasonable costs are to be awarded to The Florida Bar as the prevailing party in this disciplinary proceeding. The amount to be assessed against Respondent shall be determined by the undersigned following a further submission by The Florida Bar regarding its taxable costs.

Dated this 11th day of August, 2011

_____
**HONORABLE VICTORIA DEL PINO**
Referee

Copies to:
    Larry Elliot Klayman, Respondent
    Daniela Rosette, Bar Counsel
    Kenneth Lawrence Marvin, Staff Counsel

8