**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

LARRY KLAYMAN,
2775 NW 49th Ave, Suite 205-346
Ocala, FL 34483

Plaintiff.

v.

CITY PAGES
401 N. 3rd St. Suite 550,
Minneapolis, MN 55401

KEN WEINER a.k.a. KEN AVIDOR (alias)
401 N. 3rd St. Suite 550,
Minneapolis, MN 55401

AARON RUPAR
401 N. 3rd St. Suite 550,
Minneapolis, MN 55401

PHOENIX NEW TIMES
1201 E. Jefferson,
Phoenix, AZ 85034

MATHEW HENDLEY
1201 E. Jefferson,
Phoenix, AZ 85034

VOICE MEDIA GROUP
969 Broadway,
Denver, CO 80203

Defendants.

Civil Action No. 5:13-cv-00143-ACC-PRL

## SECOND AMENDED COMPLAINT

Plaintiff, Larry Klayman, hereby sues Defendants City Pages ("CP"), Ken Weiner

a.k.a. Ken Avidor (hereafter "Avidor"), Aaron Rupar ("Rupar"), Phoenix New Times

("PNT"), and Voice Media Group ("VMG") and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. This court has original jurisdiction under the provisions of 28 U.S.C. 1332 because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of $75,000, exclusive of interest and costs.

2. Plaintiff Larry Klayman resides in this judicial district and does business in this judicial district and in 2004 ran as a candidate for the U.S. Senate in Florida in the Republican primary. He is the founder and former chairman and general counsel of Judicial Watch, and was admitted into The Florida Bar on December 7, 1977. He became a member of the bar of this court in and around this time as well, and has practiced law here throughout his career, with active cases still pending here and elsewhere in the state of Florida.

3. Defendant Ken Avidor, who is in reality Ken Weiner, Avidor being a false alias (hereafter "Avidor"), was at all material times a reporter and writer for CP. On information and belief, Avidor is a radical pro-homosexual activist and before becoming a reporter and writer for City Pages was fired from a pornography magazine called "Screw" by his then boss Al Goldstein. On information and belief, Avidor has an arrest record for assault in the state of New York, and has misrepresented his identity using fictitious names, including Ned Luddington and George Haydoke. On information and belief Avidor resides in Minnesota. Avidor, along with Rupar (below), who on information and belief also resides in Minnesota, co-authored an article published in CP, and later linked and republished in a subsequent article published by Defendants PNT and VMH as set

forth below, titled "Bradlee Dean's Attorney, Larry Klayman, Allegedly Sexually Abused His Own Children." Exhibit 1. Defendants negligently, willfully, and/or maliciously stated: **"Turns out, gays aren't the only ones capable of disturbing, criminal sexual behavior – apparently even conservative straight guys tight with Bradlee Dean turn out to be total creeps."**

4. Rupar was at all material times also a reporter and writer for CP and on information and belief is also a radical pro-homosexual activist

5. CP was at all material times a publication, based in Minnesota, and is owned by its parent company VMG. CP's and VMH's political philosophy is far left and in particular supports and promotes a perverse radical gay, lesbian, transgender sexual orientation and lifestyle for children and others at home and in the workplace. They are also pro illegal immigrant.

6. PNT was at all material times a publication based in Phoenix Arizona, and is admittedly affiliated with CP though their parent company VMG. PNT and VMG's political philosophy is far left and in particular supports and promotes a perverse radical gay, lesbian, transgender sexual orientation and lifestyle for children and others at home and in the workplace. They are also proponents and supporters of pro illegal immigration.

7. Defendant Mathew Hendley was at all material times a reporter for PNT who authored an article in PNT, by and through VMG, on or about February 22, 2013 entitled "Birther Lawyer Fighting Joe Arpaio Recall Was Found to Have 'Inappropriately Touched' His Kids." Exhibit 2. In this article PNT and VMG link the above mentioned and touted the article authored by Avidor and Rupar and

published by CP and VMG. On information and belief Hendley is also far left and pro radical gay, lesbian, transgender "rights" and pro illegal immigrant.

8. On June 18, 2013 Hendley and Phoenix New Times published by and through VMG another false, misleading, and defamatory article entitled "Larry Klayman Under Investigation by Arizona Bar." Exhibit 3. In the June 18, 2013 article Defendants misleadingly and falsely published the statement, inter alia, that **"Klayman's been in trouble with a Bar association before, as he was publicly reprimanded by the Florida Bar in 2011 for taking money from a client, and never doing any work."**

9. VMG was at all material times the parent holding company of CP and PNT and its principal place of business is in Denver, Colorado where its headquarters is located. According to VMG, this privately held media company, as of September 24, 2013, reaches "more than seven million monthly readers in print and 16 million unique desktop visitors each month, in addition to 1.2 million e-mail subscribers, more than 5.7 million visits on mobile, and more than forty signature food, music and arts events per year nationwide." In addition to CP and PNT, the company owns and operates many other print and internet publications, all with an extreme activist pro-homosexual gay, lesbian and transgender orientation and lifestyle. Among VMG's holdings are the Village Voice, LA Weekly, SF Weekly and other New Times publications throughout the United States. According to VMG, its chief executive officer is Scott Tobias, its chief executive editor is Christine Brennan, and Jeff Mars is its chief financial officer Tobias, Brennan and Mars comprise VMG's so called "executive team," which controls and supervises

the day to day operations of the company and its holdings. The company and its directors and officers are also pro illegal immigrant.

## FACTS

10. On or about September 28, 2012, CP and VMG by and through its reporters Avidor and Rupar, published nationwide, internationally and in this district an article titled "Bradlee Dean's attorney, Larry Klayman, Allegedly Sexually Abused His Own Children." Exhibit 1. The article was intended to negligently, willfully, and/or maliciously defame Plaintiff Klayman, who, as a lawyer, has been representing Bradlee Dean, a Christian preacher and musician who, through his ministry, You Can Run But You Cannot Hide International, is invited into schools to teach children Judeo-Christian ethics and morals. In recent years, the radical homosexual gay, lesbian and transgender lobby have sought to pressure schools to teach young children that the gay, lesbian and transgender lifestyle is normal if not desired behavior, thereby seeking to mold and indoctrinate these children in and to their homosexual gay, lesbian and transgender lifestyle. Mr. Dean and YCR have opposed the radical gay, homosexual, lesbian and transgender agenda and are strong advocates in doing so.

11. Thus, in order to discredit Dean and YCR, who Defendants claim have accused some gays and lesbians of abusing children, Defendants, each and every one of them, by and through Avidor, Rupar, and CP, published statements in the abovementioned article which is libelous and constitutes defamation and defamation by inference. Stating that Dean's and YCR's own attorney Plaintiff Klayman has sexually abused his own children, Defendants negligently, willfully,

and/or maliciously stated: **"Turns out, gays aren't the only ones capable of disturbing, criminal sexual behavior – apparently even conservative straight guys tight with Bradlee Dean turn out to be total creeps."**

12. Plaintiff Klayman has never been found by any legal entity or agency to have sexually abused his children, much more committed or been convicted of a crime in this regard. As a result, Klayman, Dean's and YCR's lawyer, was libeled per se by Defendants as a result of their negligent, willful, and/or malicious desire to harm Dean and YCR's ministry, and their lawyer Larry Klayman, in order to promote their radical gay, lesbian and transgender agenda with children and others. To the contrary, Plaintiff Klayman was cleared of these false charges leveled his ex-wife by the Cleveland Department of Children and Families, the Cuyahoga County Sheriff's Department, and the District Attorney, all of whom dismissed the ex-spouse's complaint. As is true, according to experts in about 80 percent of all domestic relations cases, these false charges were manufactured and "conveniently" leveled only for tactical reasons after Plaintiff Klayman had filed for custody of his children. In addition, Plaintiff Klayman voluntarily took and passed a polygraph examination which provided further proof that he did not sexually abuse, much less inappropriately touch, his children, while tellingly his ex-spouse refused to submit to a polygraph over her false charges.  Importantly, the children even admitted that Plaintiff Klayman's ex-wife attempted to coach them, but they, themselves, could not remember or knew of any inappropriate touching of private or other parts by Plaintiff Klayman, and thus they themselves denied their mother's accusations. In any event, Plaintiff Klayman has never

committed or been convicted of any crime, as Defendants falsely wrote and published.

13. With regard to other legal representation by Plaintiff Klayman, wherein he represents a group of Arizona citizens, The Citizens to Protect Fair Election Results, who opposed an illegal recall petition to remove Sheriff Joe Arpaio in Maricopa County, Arizona, Defendants Hendley, PNT and VMG published an article on or about February 22, 2013, entitled "Birther Lawyer Fighting Joe Arpaio Recall Was Found to Have "Inappropriately Touched" Kids." PNT, and in addition to supporting and furthering the radical gay, lesbian and transgender agenda, has shown a malicious hatred for Sheriff Joe Arpaio based upon his strong enforcement of immigration laws and manufactured false charges that he has not "prosecuted" cases of sexual abuse. Thus, they attacked Plaintiff Klayman, who Hendley, PNT and VMG obviously saw as aiding the sheriff. In this article, Defendants Hendley, PNT and VMG admit that they are and were acting in concert with its sister publication CP, from which it received its information about Plaintiff Klayman's alleged child sexual abuse.  The article links the previously published libelous CP article of September 28, 2012, and thus Defendants Hendley, PNT, VMG have again further libeled, defamed, and defamed by implication, Plaintiff Klayman through this republication, compounding the damages incurred to Plaintiff Klayman.

14. On June 18, 2013 Defendants Hendley and Phoenix New Times published another article entitled "Larry Klayman Under Investigation by Arizona Bar." Exhibit 3.

15. **Within the June 18, 2013 article Defendants published the statement that "Klayman's been in trouble with a Bar association before, as he was publicly reprimanded by the Florida Bar in 2011 for taking money from a client, and never doing any work."**

16. Defendants Hendley and Phoenix New Times, having at their disposal the public reprimand that they referenced in the article, knowingly and willingly, published with knowledge of its falsity, since among other false statements, Plaintiffs did do considerable work for his client, Natalia Humm, and this was not the basis of The Florida Bar matter.

17. Plaintiff Klayman has given Defendants, each and every one of them, the required notice under Section 770.02, Florida Statutes (2012). No response from any of the Defendants has been forthcoming. Exhibit 4.


## COUNT I – DEFAMATION
### (To Defendants Avidor, Rupar, City Pages, and Voice Media Group)

18. Plaintiff Klayman realleges and reavers paragraphs 1 through 17 of this Complaint as if fully incorporated herein.

19. The defamatory statements of the September 28, 2012 article falsely state that Plaintiff committed and was convicted of the crime of child sexual abuse in their article titled: "Bradlee Dean's Attorney, Larry Klayman, Allegedly Sexually Abused His Own Children." Defendants Aaron Ruper and Ken Avidor write and represent specifically: **"Turns out, gays aren't the only ones capable of disturbing criminal sexual behavior – apparently even conservative straight guys tight with Bradlee Dean (Larry Klayman) turn out to be total creeps."**

20. Defendants Avidor, Rupar, CP, and VMG's above-mentioned misleading and false publications in the September 28, 2013 article concerning Plaintiff Klayman were done negligently, willfully and/or maliciously, and constitute libel per se, as they defamed him by accusing him of committing and/or being convicted of a crime and were made in the context of his professional, as well as personal, life and endeavors. This publication was defamatory, as defined by the Florida Supreme Court, because it prejudiced Plaintiff Klayman in "the eyes of a substantial and respectable minority of the community." <u>Jews for Jesus, Inc. v. Edith Rapp</u>, No. SC06-4291 (Slip Op) (S.C. Fl., October 23, 2008).

21. As a result of the defamatory statements, Plaintiff Klayman was severely damaged personally and in his trade and occupation as a lawyer and author, writer and columnist, among other areas.

22. Defendants, Avidor, Rupar, CP, and VMG, acting in concert and jointly and severally, thus caused large actual, compensatory pecuniary and exemplary damages, as well as a loss of reputation and good will to Plaintiff Klayman. In addition, Defendants, Avidor, Rupar, CP, and VMG, acting in concert and jointly and severally, caused severe anxiety, inner and personal feelings (personal humiliation, anguish and suffering) and emotional distress to Plaintiff, thus damaging him greatly. In sum, the published defamatory statements as alleged herein, as proscribed by Florida Supreme Court precedent, severely injured Plaintiff Klayman by tending to harm his reputation by lowering him in the estimation of the community or, more broadly stated, exposed Plaintiff Klayman to hatred, ridicule, or contempt and injured his business or reputation and

occupation, and more specifically in his personal, social, official, or business relations. These defamatory publications were widely disseminated in a manner that makes it proper to assume that they reached a substantial and respectable minority of persons in the communities at issue.

23. In this regard, since the publication of these defamatory statements by Defendants, many other internet and written publications, on the internet and elsewhere, including the internet and written publications supporting the radical gay, lesbian, transgender and pro illegal immigrant and atheist agendas have negligently, willfully, and/or maliciously used and published the false and misleading statements first published by the Defendants to also harm Plaintiff Klayman's reputation (either economic, political, or personal) by lowering him in the estimation of the community or, more broadly stated, exposing Plaintiff Klayman to hatred, ridicule, or contempt and injure him in his business or reputation or occupation. These publications include but are not limited to: "Right Wing Watch" the internet and print publication of People for the American Way, an ultra-leftist atheist public interest group, The Dump Bachmann Blog, Wonkette, a blog of the Baltimore Sun and a host of others that are proliferating daily on homosexual, lesbian, transgender, pro illegal immigrant, atheist, and other websites and print publications. Collectively, Exhibit 5. As discovery proceeds, these putative defendants are subject to being added to this complaint through amendment. Indeed, this was Defendants negligent, willful, and/or malicious intention; to mobilize these leftist groups such as People for the

American Way, and ultra leftist internet and print publications and their ultra

leftist reporters to destroy Plaintiff and his clients.

## COUNT II – DEFAMATION
### (To Defendants Hendley, Phoenix New Times, and Voice Media Group)

24. Plaintiff Klayman realleges and reavers paragraphs 1 through 17 of this

Complaint as if fully incorporated herein.

25. In the article of February 22, 2013, entitled "Birther Lawyer Fighting Joe Arpaio

Recall Was Found to Have 'Inappropriately Touched' His Kids," the defamatory

statements once again misleadingly and falsely stated that **Plaintiff**

**"inappropriately touched" children**, despite the lack of any evidence that

Plaintiff had committed these acts and negligently, willfully, and/or maliciously

stated: **"Turns out, gays aren't the only ones capable of disturbing, criminal**

**sexual behavior – apparently even conservative straight guys tight with**

**Bradlee Dean turn out to be total creeps."**

26. The article of February 22, 2013 linked and reincorporated the article of

September 28, 2012 which stated falsely that Plaintiff committed and was

convicted of the crime of child sexual abuse and thus Defendants have also again

defamed Plaintiff Klayman through this republication, compounding the damage

to Plaintiff Klayman.

27.  As the record indicates, Plaintiff was cleared of all allegations by the Cleveland

Department of Children and Families and the Cuyahoga County Sheriff and the

District Attorney.

28. Defendants Hendley, PNT, and VMG's above-mentioned misleading and false publications in the February 22, 2013 article concerning Plaintiff Klayman were done negligently, willfully and/or maliciously, and constitute libel per se, as they defamed him by accusing him of committing and/or being convicted of a crime and were made in the context of his professional, as well as personal, life and endeavors. This publication was defamatory, as defined by the Florida Supreme Court, because it prejudiced Plaintiff Klayman in "the eyes of a substantial and respectable minority of the community." Jews for Jesus, Inc. v. Edith Rapp, No. SC06-4291 (Slip Op) (S.C. Fl., October 23, 2008).

29. As a result of the defamatory statements, Plaintiff Klayman was severely damaged personally and in his trade and occupation as a lawyer and author, writer and columnist, among other areas.

30. Defendants, Hendley, PNT, and VMG, acting in concert and jointly and severally, thus caused large actual, compensatory pecuniary and exemplary damages, as well as a loss of reputation and good will to Plaintiff Klayman. In addition, Defendants, Hendley, PNT, and VMG, acting in concert and jointly and severally, caused severe anxiety, inner and personal feelings (personal humiliation, anguish and suffering) and emotional distress to Plaintiff Klayman, thus damaging him greatly. In sum, the published defamatory statements as alleged herein, as proscribed by Florida Supreme Court precedent, severely injured Plaintiff Klayman by tending to harm his reputation by lowering him in the estimation of the community or, more broadly stated, exposed Plaintiff Klayman to hatred, ridicule, or contempt and injured his business or reputation and occupation, and

more specifically in his personal, social, official, or business relations. These defamatory publications were widely disseminated in a manner that makes it proper to assume that they reached a substantial and respectable minority of persons in the communities at issue.

### COUNT III – DEFAMATION
### (To Defendants Avidor, Rupar, CP, and VMG)

31. Plaintiff Klayman realleges and reavers paragraphs 1 through 17 of this Complaint as if fully incorporated herein.

32. Defendants Hendley and Phoenix New Times, by and through Defendant Voice Media Group, published an article entitled "Larry Klayman Under Investigation by Arizona Bar" on June 18, 2013. Exhibit 3.

33. Within the June 18, 2013 article, Defendants stated "Klayman's been in trouble with a Bar association before, as he was publicly reprimanded by the Florida Bar in 2011 for taking money from a client, **and never doing any work**."

34. The article of June 18, 2013 linked and reincorporated the article of September 28, 2012 in which Defendants negligently, willfully, and/or maliciously stated:

**"Turns out, gays aren't the only ones capable of disturbing, criminal sexual behavior – apparently even conservative straight guys tight with Bradlee Dean turn out to be total creeps."**

35. The Defendants falsely stated that Plaintiff committed and was convicted of the crime of child sexual abuse and thus Defendants have also again defamed Plaintiff Klayman through this republication, compounding the damage to Plaintiff Klayman.

13

36. The statement published by the Defendants was false.

37. This statement was published negligently, willfully and/or maliciously, and constitutes libel per se, as it defamed Plaintiff and his profession by stating that he took money from a client and never did any work for her, in effect stealing money from a client.

38. The publication prejudiced Plaintiff in "the eyes of a substantial and respectable minority of the community."

39. As a result of the defamatory statements, Plaintiff Klayman was severely damaged personally and in his trade and occupation as a lawyer and author, writer and columnist, among other areas.

40. Since the publication of these defamatory statements by Defendants, many other internet and written publications, on the internet and elsewhere, including the internet and written publications supporting the radical gay, lesbian, transgender and pro illegal immigrant and atheist agendas have negligently, willfully, and/or maliciously used and published the false and misleading statements first published by the Defendants to also harm Plaintiff Klayman's reputation (either economic, political, or personal) by lowering him in the estimation of the community or, more broadly stated, exposing Plaintiff Klayman to hatred, ridicule, or contempt and  injure him in his business or reputation or occupation.

## COUNT IV – DEFAMATION BY IMPLICATION
### (To Defendants Avidor, Rupar, CP, and VMG)

41. Plaintiff Klayman realleges and reavers paragraphs 1 through 17 of this complaint as if fully incorporated herein.

42. In the article of September 28, 2012, titled: "Bradlee Dean's Attorney, Larry Klayman, Allegedly Sexually Abused His Own Children," the Defendants published a material misstatement, falsehood, and omission of fact when they stated that Plaintiff committed and was convicted of the crime of child sexual abuse. In the original City Pages publication, which remains on the internet and the outlet's website, authors Aaron Ruper and Ken Avidor write and represent specifically: **"Turns out, gays aren't the only ones capable of disturbing criminal sexual behavior – apparently even conservative straight guys tight with Bradlee Dean (Larry Klayman) turn out to be total creeps."**

43. Avidor, Rupar, CP, and VMG, jointly and severally, defamed by implication Plaintiff Klayman, by publishing in this district, domestically and internationally, the above referenced statements of September 28, 2012, as they provide the reader the false and/or misleading impression given by juxtaposition or omission of facts that Plaintiff Klayman sexually abused and/or inappropriately touched his two children's private parts. Specifically, the publications negligently, willfully, and/or maliciously stated falsely and misleadingly that Plaintiff Klayman has committed and/or been convicted of a crime of child sexual abuse with regard to his two children when only one child, his son, was at issue, and omitted to state that the referenced finding of the Cleveland magistrate and judge remains subject to court challenge, that the magistrate who made the initial finding was biased and prejudiced against Plaintiff Klayman for his political and religious beliefs (the magistrate is Jewish and resented that Klayman, who is Jewish, because Klayman also believes in Jesus Christ and considers himself a Jewish Christian). Other

omissions include but are not limited to the magistrate having made a myriad of

biased and prejudiced remarks about Plaintiff Klayman and, as set forth above,

that Plaintiff Klayman had taken a polygraph which confirmed that he did not

sexually abuse and/or inappropriately touch his children's private parts, and that

the matter had been thoroughly investigated by the Cleveland Department of

Families and the Cayohoga County Sheriff and District Attorney, all of whom

came to identical findings and conclusions, among other material misstatements,

falsehoods and omission of facts.

44. As a result of the defamatory statements, Plaintiff Klayman was severely

damaged personally and in his trade and occupation as a lawyer and author, writer

and columnist, among other areas.


**<u>COUNT V – DEFAMATION BY IMPLICATION</u>**
**<u>(To Defendants Hendley, PNT, and VMG)</u>**

45. Plaintiff Klayman realleges and reavers paragraphs 1 through 17 of this complaint

as if fully incorporated herein.

46. In the article of February 22, 2013, Defendants published a material misstatement,

falsehood, and omission of fact in the article titled "Birther Lawyer Fighting Joe

Arpaio Recall Was Found to Have 'Inappropriately Touched' His Kids," when

they stated that **Plaintiff "inappropriately touched" children**, despite the lack

of any evidence that Plaintiff had committed these acts.  As the record indicates,

Plaintiff was cleared of all allegations by the Cleveland Department of Children

and Families and the Cuyahoga County Sheriff and the District Attorney.

47. The article of February 22, 2013 linked and reincorporated the article of September 28, 2012 in which Defendants negligently, willfully, and/or maliciously stated: **"Turns out, gays aren't the only ones capable of disturbing, criminal sexual behavior – apparently even conservative straight guys tight with Bradlee Dean turn out to be total creeps."**

48. Defendants falsely stated that Plaintiff Klayman committed and was convicted of the crime of child sexual abuse and thus Defendants have also again defamed by inference Plaintiff Klayman through this republication, compounding the damage to Plaintiff Klayman.

49. Defendants, Hendley, PNT, and VMG, jointly and severally, defamed by implication Plaintiff Klayman, by publishing in this district, domestically and internationally, the above referenced statements of February 22, 2013, as they provide the reader the false and/or misleading impression given by juxtaposition or omission of facts that Plaintiff Klayman sexually abused and/or inappropriately touched his two children's private parts. Specifically, the publications negligently, willfully, and/or maliciously stated falsely and misleadingly that Plaintiff Klayman has committed and/or been convicted of a crime of child sexual abuse with regard to his two children when only one child, his son, was at issue, and omitted to state that the referenced finding of the Cleveland magistrate and judge remains subject to court challenge, that the magistrate who made the initial finding was biased and prejudiced against Plaintiff Klayman for his political and religious beliefs (the magistrate is Jewish and resented that Klayman, who is Jewish, because Klayman also believes in Jesus Christ and considers himself a

Jewish Christian). Other omissions include but are not limited to the magistrate having made a myriad of biased and prejudiced remarks about Plaintiff Klayman and, as set forth above, that Plaintiff Klayman had taken a polygraph which confirmed that he did not sexually abuse and/or inappropriately touch his children's private parts, and that the matter had been thoroughly investigated by the Cleveland Department of Families and the Cayohoga County Sheriff and District Attorney, all of whom came to identical findings and conclusions, among other material misstatements, falsehoods and omission of facts.

50. As a result of the defamatory statements, Plaintiff Klayman was severely damaged personally and in his trade and occupation as a lawyer and author, writer and columnist, among other areas.

## COUNT VI – DEFAMATION BY IMPLICATION
### (To Defendants Hendley, Phoenix New Times, and Voice Media Group)

51. Plaintiff Klayman realleges and reavers paragraphs 1 through 17 of this complaint as if fully incorporated herein.

52. Defendants Hendley and Phoenix New Times, by and through Defendant Voice Media Group, published a material misstatement, falsehood, and omission of fact on June 18, 2013 in an article titled: "Larry Klayman Under Investigation by Arizona Bar," when they stated that Plaintiff had a bar complaint against him for taking a client's money and **"never doing any work."**

53. The article of June 18, 2013 linked and reincorporated the article of September 28, 2012 in which Defendants negligently, willfully, and/or maliciously misleadingly and falsely stated: **"Turns out, gays aren't the only ones capable**

**of disturbing, criminal sexual behavior – apparently even conservative straight guys tight with Bradlee Dean turn out to be total creeps."**

54. Defendants falsely stated that Plaintiff committed and was convicted of the crime of child sexual abuse and thus Defendants have also again defamed by inference Plaintiff Klayman through this republication, compounding the damage to Plaintiff Klayman.

55. As a result of the defamatory statements, Plaintiff Klayman was severely damaged personally and in his trade and occupation as a lawyer and author, writer and columnist, among other areas.

56. The defamatory published statements by implication of the Defendants, Hendley and Phoenix New Times, by and through Defendant Voice Media Group, jointly and severally, severely injured Plaintiff Klayman as set forth above in Paragraphs 20, 21 and 22 of this complaint, which are incorporated herein by reference.

WHEREFORE, Plaintiff Klayman prays for actual, compensatory and exemplary damages as set forth herein in excess of $15,000,000 as pleaded above in counts I-VI, plus attorneys fees and costs, and such other relief at the court may deem just and proper. At a later time appropriate time, a prayer for punitive damages will also be pled.

Plaintiff Klayman requests trial by jury on all matters so triable.

Respectfully submitted,

 */s/ Larry Klayman*
Larry Klayman, Esq.
Florida Bar No. 246220

2775 NW 49th Ave, Suite 205-346
Ocala, FL 34483
Tel: (310) 595-0800
Email: leklayman@gmail.com

Plaintiff in Pro Se and as a Licensed
Practitioner

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of December, 2013 a true and correct copy of the foregoing Second Amended Complaint ( Case No. 5:13-cv-00143) was submitted electronically to the U.S. District Court for the Middle District of Florida and served via CM/ECF upon the following:


**Sanford Lewis Bohrer, Esq.**
Holland & Knight, LLP
Suite 3000
701 Brickell Ave
Miami, FL 33131
305/374-8500
Fax: 305/789-7799
Email: sbohrer@hklaw.com


**Scott D. Ponce, Esq.**
Holland & Knight, LLP
Suite 3000
701 Brickell Ave
Miami, FL 33131
305/789-7575
Email: sponce@hklaw.com

*Attorneys for Defendants*