**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**LARRY KLAYMAN,**

    **Plaintiff,**

v.                                                                                                        Case No: 5:13-cv-143-Oc-22PRL

**CITY PAGES, KEN WEINER, AARON RUPAR, PHOENIX NEW TIMES, MATHEW HENDLEY and VOICE MEDIA GROUP**

    **Defendants.**

## ORDER

This matter is before the Court on Defendants' motion for protective order regarding production of documents at deposition (Doc. 59); Plaintiff's opposition and/or cross-motion to require production of documents at deposition (Doc. 60); and Plaintiff's motion for hearing (Doc. 63).

At issue are Notices of taking depositions served on all six Defendants by Plaintiff on August 19, 2014 (collectively the "Notices").[1] The Notices set the depositions for September 9, 10, 12 and 15 and command each Defendant to produce documents at the deposition. (Doc. 59-1). Although Rule 30(b)(2), Federal Rules of Civil Procedure, authorizes notices of deposition to request that a deponent produce documents, when the deponent is a party, such request for the production of documents is to be made under Rule 34. *See* Fed. R. Civ. P. 30(b)(2). By serving

---

[1] Plaintiff served a "Notice of Taking Deposition Duces Tecum" on each of the three individual Defendants and a "Notice of Rule 30(b)(6) Deposition" on each of the three corporate Defendants. Copies of these Notices are filed at Doc. 59-1.

- 2 -

these Notices compelling the production of documents at deposition, Plaintiff has circumvented (or attempted to circumvent) the requirement of Fed. R. Civ. P. 34 that a party be given 30 days to serve objections and responses to a request for production. *See, e.g., Tara Productions, Inc. v. Hollywood Gadgets, Inc.,* No. 09-61436-CIV, 2014 WL 1047411 at \*\*3-4 (S.D. Fla. Mar. 18, 2014) ("But even if service of a subpoena on a party were permissible, a subpoena may not be used to circumvent or do an 'end-run' around the discovery rules that apply to a party."). Indeed, Defendants' responses to a Rule 34 request for production served on August 19, 2014 would be due on September 22, 2014 – well after the scheduled depositions. While the Court has discretion under Rule 34 to shorten the response time, Plaintiff has failed to offer any compelling explanation as to why a shortened period would be justified in this case.

Accordingly, Defendants' motion for protective order (Doc. 59) is **GRANTED**. The portion of the Notices commanding production of the documents at deposition are **QUASHED** and hereby **DEEMED** to be requests for production that were served under Rule 34, to which Defendants shall serve their responses on or before **September 22, 2014**. Because the Court found it unnecessary to conduct a hearing to resolve this motion, Plaintiff's motion for a hearing (Doc. 63) is **DENIED**.

This leaves pending Defendants' motion for protective order regarding the topics for Rule 30(b)(6) deposition (Doc. 62) and motion for protective order regarding the date for Rule 30(b)(6) depositions. (Doc. 65). Plaintiff shall file a response to the motions on or before **September 5, 2014**. If the depositions are rescheduled or these discovery disputes are otherwise resolved by the parties, Plaintiff shall promptly advise the Court that a ruling before the scheduled depositions is unnecessary.

- 3 -

**DONE** and **ORDERED** in Ocala, Florida on August 27, 2014.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties