**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**LARRY KLAYMAN,**

    **Plaintiff,**

**v.**                                                   **Case No: 5:13-cv-143-Oc-22PRL**

**CITY PAGES, KEN WEINER, AARON**
**RUPAR, PHOENIX NEW TIMES,**
**MATHEW HENDLEY and VOICE**
**MEDIA GROUP**

    **Defendants.**

## ORDER

There are two discovery issues to be resolved. The first relates to potential deposition questions for the Defendants' corporate representatives and the second relates to recently set non-party depositions.

As to the first dispute, the Court previously deferred ruling on "Defendants' Motion for Protective Order Regarding the Topics for Rule 30(b)(6) Deposition" (Doc. 62) pending supplemental briefing, which the parties have now filed.[1]  (Docs. 75 & 76).  At issue is Plaintiff's request to question the corporate representatives regarding the net worth of the corporate Defendants.  Defendants have moved for a protective order from this line of questioning, arguing that Plaintiff has not plead punitive damages, and thus, inquiry about net worth is not relevant.

---

[1] The Court requested the additional briefing after first conducting a hearing on the motion. (See Doc. 74).

Plaintiff argues that he has properly plead punitive damages in his Third Amended Complaint. This argument, however, is belied by his assertion in the *ad damnum* clause that "[a]t a later time [sic] appropriate time, a prayer for punitive damages will also be pled." (Doc. 52, p.20). This statement does nothing more than put Defendants on notice that, in the future, Plaintiff will plead a claim for punitive damages.

Plaintiff alternatively argues that he has plead punitive damages consistent with Florida Statute §768.72 – which at least one Court in this District has held is substantive in nature, and thus, applicable in diversity actions.[2] Section 768.72, however, prohibits any allegation of punitive damages until permitted by the court after a "reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Fla. Stat. §768.72(1). Under Plaintiff's theory, he would move the court to add a punitive damages claim based on affirmative information that he obtains during the discovery process. Unless and until Plaintiff pleads a claim for punitive damages, it would be premature to allow discovery on net worth. Indeed, §768.72(1) specifically provides that "[n]o discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted." *Id.*

Accordingly, Defendants' Motion for Protective Order (Doc. 62) is **GRANTED** to the extent that Plaintiff is prohibited from questioning the corporate representatives regarding the net worth of Voice Media Group, City Pages, and Phoenix New Times; and otherwise **DENIED** as **moot** based on the parties' representation that the remaining issues have been resolved.

---

[2] *Neil v. Gulf Stream Coach, Inc.*, 966 F.Supp. 1149 (M.D. Fla. 1997).

- 3 -

As to the second issue, Plaintiff moves the Court for permission to set the depositions of a google records custodian in California, the judge who handled his dispute in Ohio, and a psychologist, also from Ohio, without first providing the parties or the deponents with 14 days of notice.  (See Doc. 77).  Defendants, in turn, seek a protective order to prevent these depositions as untimely because they were set on September 11, 2014, which is only 11 days from the close of discovery.  (Doc. 78).

The case management and scheduling order was entered on November 13, 2013, setting the close of discovery for September 22, 2014. Plaintiff, therefore, had 10 months to conduct discovery in this case, including the depositions of at least the judge and the doctor, who would have been known to him.   Instead, Plaintiff has just now set them.

The case management and scheduling order (Doc. 36), in addition to setting the close of discovery, states that it "controls the subsequent course of this proceeding;" requires the parties to comply with it as well as with the Federal Rules of Civil Procedure and this Court's Local Rules; and expressly states that "[e]ach party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline."  (Doc. 36).  Without question, the case management and scheduling order requires discovery consistent with the Federal Rules and the Local Rules, and requires that it all be completed by the discovery deadline.

Defendants point out this Court's Local Rule 3.02 , which provides that "a party desiring to take the deposition of any person upon oral examination shall give at last fourteen (14) days notice in writing to every other party to the action and to the deponent (if the deponent is not a party)."  Here, despite 10 months to do so, and without providing any good cause basis for shortening the deadline, Plaintiff failed to provide the time required by the Local Rules.   As such,

Plaintiff's motion for leave to take depositions with shortened notice (Doc. 77) is due to be **DENIED**, and Defendants' motion for protective order (Doc. 78) is due to be **GRANTED**.

Many of the present issues in the case are of the Plaintiff's own making. More timely discovery, for example, would have prevented the current disputes. Also, the discovery issues have not been before the Court on a motion to extend discovery deadlines, made after consultation with opposing counsel and with good cause shown. Instead, it appears that discovery is being crammed into a short period with requests for exceptions after depositions are set in motion and requests for hearings at the eleventh hour on matters that could have been more timely raised.

**DONE** and **ORDERED** in Ocala, Florida on September 16, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties