# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**LARRY KLAYMAN,**

        **Plaintiff,**

v.                                                                                          Case No:  5:13-cv-143-Oc-22PRL

**CITY PAGES, KEN WEINER, AARON
RUPER, PHOENIX NEW TIMES,
MATHEW HANDLEY and VOICE
MEDIA GROUP,**

        **Defendants.**

_____/

## ORDER

This cause is before the Court on Plaintiff Larry Klayman's ("Plaintiff") Objection to and Appeal of Magistrate Judge's Order of September 16, 2014 Pertaining to the Subpoena Served on Google, filed on September 19, 2014. (Doc. No. 84). Defendants City Pages, Mathew Hendley, Phoenix New Times, Aaron Rupar, Voice Media Group, and Ken Weiner ("Defendants") filed a response in opposition. (Doc. No. 85). For the reasons that follow, Plaintiff's objections are overruled.

### I.   STANDARD OF REVIEW[1]

A party may object to a magistrate judge's order on a non-dispositive pre-trial matter within fourteen days after service of the order. Fed. R. Civ. P. 72(a). When a party objects to a non-dispositive order of a Magistrate Judge, "[t]he district judge in the case must consider timely

---

[1] Completely absent from Plaintiff's filing is any reference whatsoever to the standard of review the Court must apply to an appeal from a non-dispositive order of a Magistrate Judge. This falls well below the level of practice expected before this Court.

objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1326-27 (M.D. Fla. Apr. 1, 2011) (internal citations and quotation marks omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* at 1327 (internal citations and quotation marks omitted).

## II. DISCUSSION

On November 13, 2013, more than ten months ago, the Court entered its Case Management and Scheduling Order (the "CMSO"). (Doc. No. 36). In the CMSO, the Court set September 22, 2014, as the discovery deadline. (*Id.* at p. 1).

On September 13, 2014, nine days before the discovery deadline, Plaintiff filed a Motion for Leave to Take Depositions With Shortened Notice. (Doc. No. 77). In that motion, Plaintiff sought permission from the Court to set depositions of, *inter alios,* a Google records custodian in California, without first providing the parties or the deponents with fourteen days' notice. (*Id.* at p. 1); *see also* (Doc. No. 77-1). Defendants responded in opposition. (Doc. No. 79). Defendants also filed a Motion for Protective Order Regarding Untimely Depositions, wherein Defendants sought to prevent the depositions as untimely because Plaintiff set the depositions on September 11, 2014, only eleven days prior to the close of discovery and in direct contravention to the Local Rules of this Court. (Doc. No. 78).

On September 16, 2014, Magistrate Judge Lammens entered his Order denying Plaintiff's Motion for Leave to Take Depositions With Shortened Notice and granting Defendants Motion for Protective Order Regarding Untimely Depositions. (*See* Doc. No. 82 at pp. 3-4). In that

Order, Magistrate Judge Lammens noted that Plaintiff had ten months to conduct discovery in this case. (*Id.* at p. 3). The Magistrate Judge continued,

> [t]he case management and scheduling order, in addition to setting the close of discovery, states that it "controls the subsequent course of this proceeding;" requires the parties to comply with it as well as with the Federal Rules of Civil Procedure and this Court's Local Rules; and expressly states that "[e]ach party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline." Without question, the case management and scheduling order requires discovery consistent with the Federal Rules and the Local Rules, and requires that it all be completed by the discovery deadline.
>
> Defendants point out this Court's Local Rule 3.02, which provides that "a party desiring to take the deposition of any person upon oral examination shall give at last fourteen (14) days notice in writing to every other party to the action and to the deponent (if the deponent is not a party)." Here, despite 10 months to do so, and without providing any good cause basis for shortening the deadline, Plaintiff failed to provide the time required by the Local Rules . . . .
>
> Many of the present issues in the case are of the Plaintiff's own making. More timely discovery, for example, would have prevented the current disputes. Also, the discovery issues have not been before the Court on a motion to extend discovery deadlines, made after consultation with opposing counsel and with good cause shown. Instead, it appears that discovery is being crammed into a short period with requests for exceptions after depositions are set in motion and requests for hearings at the eleventh hour on matters that could have been more timely raised.

(*Id.* at pp. 3-4) (internal citations omitted).

On September 19, 2014, Plaintiff filed his Objection to and Appeal of Magistrate Judge's Order of September 16, 2014 Pertaining to the Subpoena Served on Google, requesting the Court to "review and set aside the Magistrate Judge's Order so that Plaintiff can discover relevant information by simply deposing Google as he is so entitled under the rules of discovery." (Doc. No. 84 at p. 2).

Upon review, the Court agrees entirely with Judge Lammens' Order and overrules Plaintiff's objections.

In his objection, Plaintiff mostly complains of what he characterizes as Defendant Avidor's "unlawful conduct." Despite these protestations, Plaintiff completely ignores his role in the situation that he created. Plaintiff suggests that once he took Avidor's deposition and "information was discovered," Plaintiff "immediately" and "in an abundance of caution" subpoenaed Google. (Doc. No. 84 at p. 5). However, Plaintiff's sudden urgency – with the discovery deadline looming – was completely lacking at any time in the prior ten months. Therefore, Plaintiff's arguments that "there was no delay in time or discovery" and that there was "no possible way that Plaintiff could have know [sic] that he would need to subpoena Google until he took the deposition of Avidor" are completely meritless.

As Magistrate Judge Lammens noted, the Local Rules state:

> Unless otherwise stipulated by all interested parties pursuant to Rule 29, Fed. R. Civ. P., and excepting the circumstances governed by Rule 30(a), Fed. R. Civ. P., a party desiring to take the deposition of any person upon oral examination shall give at least fourteen (14) days notice in writing to every other party to the action and to the deponent (if the deponent is not a party).

Local Rule 3.02. Here, despite more than ten months to conduct discovery, Plaintiff failed to comply with this requirement.

Finally, the Court feels obligated to address Plaintiff's argument that "Defendants were given 11 days of notice, only 3 days less than the Local Rules require." (Doc. No. 84 at p. 5). The Court's CMSO, which controls this proceeding, sets forth strict deadlines on the parties. These deadlines are mandatory, not advisory. The CMSO requires the parties to comply with the Court's deadlines, as well as the *Federal Rules of Civil Procedure* and the Local Rules. The CMSO expressly states that "[e]ach party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline." The Court enforces the Rules so that every

proceeding before it is resolved as efficiently as possible. The Rules apply to all parties before the Court including Plaintiff.

The Court completely agrees with the Magistrate Judge that the present issues Plaintiff complains of are of his own creation. On review of all the evidence, the Court is not left with "the definite and firm conviction that a mistake has been committed." *See Kramer*, 778 F. Supp. 2d at 1326-27. Thus, Judge Lammens' findings are not clearly erroneous. Furthermore, the Magistrate Judge's Order is not contrary to law because he did not fail to or misapply any relevant law or rule of procedure. *See id.*

### III. CONCLUSION

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. Plaintiff Larry Klayman's Objection to and Appeal of Magistrate Judge's Order of September 16, 2014 Pertaining to the Subpoena Served on Google, filed on September 19, 2014. (Doc. No. 84), is **OVERRULED**.

**DONE** and **ORDERED** in Orlando, Florida on September 23, 2014.

ANNE C. CONWAY
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties
Magistrate Judge Lammens