# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**LARRY KLAYMAN,**

      **Plaintiff,**

v.                                                                           Case No:  5:13-cv-143-Oc-22PRL

**CITY PAGES, KEN WEINER, AARON RUPER, PHOENIX NEW TIMES, MATHEW HANDLEY and VOICE MEDIA GROUP,**

      **Defendants.**

                                        /

## ORDER

This cause comes before the Court on Plaintiff Larry Klayman's ("Plaintiff") Objection and Appeal (Doc. No. 102) of Magistrate Judge Philip R. Lammens' Order (Doc. No. 100) relating to Plaintiff's motion to compel discovery. (Doc. No. 87). Defendants City Pages, Mathew Hendley, Phoenix New Times, Aaron Rupar, Voice Media Group, and Ken Weiner ("Defendants") filed a response. (Doc. No. 103). For the reasons that follow, Plaintiff's objections are overruled.

### I.  PROCEDURAL BACKGROUND

On October 2, 2014, ten days after the discovery deadline in this case, Plaintiff filed his First Expedited Motion to Compel the Production of Certain Documents and Appoint a Computer Expert and Motion to Shorten Response Time. (Doc. No. 87). In response, Defendants filed a motion to strike Plaintiff's motion to compel. (Doc. No. 89).[1] On the same day,

---

[1] Plaintiff responded in opposition to this filing. *See* (Doc. No. 91).

Magistrate Judge Lammens, "while recognizing Defendants' position" in the motion to strike, nonetheless ordered Defendants to substantively respond to Plaintiff's motion to compel. (Doc. No. 90). On October 10, 2014, Defendants responded to Plaintiff's motion to compel. (Doc. No. 93). On October 22, 2014, in violation of the Local Rules of this Court, Plaintiff filed a "Motion to File Reply and Reply." (Doc. No. 99). That same day, Magistrate Judge Lammens entered an Order denying both Plaintiff's motion to compel (Doc. No. 87) and Defendants' motion to strike (Doc. No. 89). *See* (Doc. No. 100).

## II. STANDARD OF REVIEW

A party may object to a magistrate judge's order on a non-dispositive pre-trial matter within fourteen days after service of the order. Fed. R. Civ. P. 72(a). When a party objects to a non-dispositive order of a Magistrate Judge, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1326-27 (M.D. Fla. Apr. 1, 2011) (internal citations and quotation marks omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* at 1327 (internal citations and quotation marks omitted).

## III. DISCUSSION

The Court need spend little time disposing of Plaintiff's objections. The objection Plaintiff makes most vociferously is that Magistrate Lammens' Order was contrary to law because "Plaintiff is entitled to existing documents, regardless of whether they make reference to the three defaming articles in question." (Doc. No. 102 at p. 2). Plaintiff claims that "[t]he requested documents that do not make direct reference to the three articles in question are also

considered responsive under the law because can [sic] show Defendants' states of mind, which is of central importance to the issue of malice." (*Id.* at p. 4) (emphasis omitted). Of course, the Magistrate Judge never said that documents are discoverable only if they make a "direct reference to the three articles in question." Rather, the Magistrate Judge denied Plaintiff's motion to compel "based on Defendants' representation that they have produced all of the materials upon which they relied in writing the subject publications, Plaintiff's limited showing as to relevance, as well as the broad scope of the discovery requests." (Doc. No. 100 at p. 6). The Court agrees with this finding. Indeed, as the Magistrate Judge stated, the actual malice inquiry at issue in this case[2] focuses on Defendants' knowledge as to the falsity of the allegedly defamatory statements. *See Herbert v. Lando*, 441 U.S. 153, 160 (1979) ("It is also untenable to conclude from our cases that . . . plaintiffs may not inquire directly from the defendants whether they knew or had reason to suspect that *their damaging publication* was in error." (emphasis added)); *see also Mile Marker, Inc. v. Petersen Publ'g, L.L.C.,* 811 So. 2d 841, 845 (Fla. 4th DCA 2002) ("[A] public figure plaintiff must establish that the disseminator of the information either knew the alleged defamatory statements were false, or published them with reckless disregard despite awareness of their probable falsity."). Thus, as the Magistrate Judge correctly found, "Plaintiff has failed to offer any compelling explanation as to why the requested information about Sheriff Joe Arpaio, Bradlee Dean and his foundation, and lawsuits between Dean and NBC Universal, would be relevant to whether Defendants published the statements at issue here about Plaintiff with knowledge of their falsity or reckless disregard for their truth." (Doc. No. 100 at pp. 5-6). The Magistrate Judge's findings in this regard were not contrary to law.

---

2 Plaintiff has conceded for the purposes of this lawsuit that he is a public figure. *See, e.g., Levan v. Capital Cities/ABC, Inc.,* 190 F.3d 1230, 1238-39 (11th Cir. 1999) (citations omitted).

To the extent Plaintiff objects that Magistrate Lammens did not consider his reply brief or the arguments or authority presented therein, this objection is also overruled. Plaintiff suggests that it was "clear error" for Judge Lammens to "state that 'Plaintiff has failed to cite any authority to suggest that evidence relating to other unrelated publications or statements upon which Plaintiff is not suing would be relevant to this action.'" (Doc. No. 102 at pp. 5-6 (citing Doc. No. 100 at p. 5)). Plaintiff contends that he "submitted the proper authority in his Reply Motion [(Doc. No. 99)] after he hoped to give the Magistrate Judge this authority at [a] previously requested hearing." (Doc. No. 102 at p. 6). The Local Rules of this Court provide: "No party shall file any reply or further memorandum directed to [a] motion or response . . . unless the Court grants leave." M.D. Fla. Loc. R. 3.01(c). Although Plaintiff now complains that Magistrate Judge Lammens could not have considered his reply brief because the Judge Lammens issued his Order later the same day, Plaintiff is not entitled as a matter of right to file a reply brief and the Court never granted him leave to do so. Further, "A motion requesting leave to file . . . a reply or further memorandum . . . shall not include, as an attachment or otherwise, the proposed motion, response, reply, or other paper." M.D. Fla. Loc. R. 3.01(d). Plaintiff's Motion to File Reply and Reply (Doc. No. 99) is in clear violation of this requirement of the Court's Local Rules. Therefore, insofar as Plaintiff claims that he "submitted the proper authority in his Reply Motion after he had hoped to give the Magistrate Judge this authority at the previously requested hearing," this objection is overruled.

Moreover, Plaintiff conveniently ignores that he failed to provide the Court with his "authoritative case law" in the first instance.[3] As a general rule, federal courts do not consider

---

3 In fact, most of the argument presented in Plaintiff's objection appears to be copied and pasted from Plaintiff's attempted reply—that which was not presented in Plaintiff's initial motion. *Compare* (Doc. No. 99 at pp. 5-7), *with* (Doc. No. 102 at pp. 6-8).

arguments that are presented for the first time in a reply brief. *See Herring v. Sec'y, Dep't of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotation marks, alterations, and citation omitted). Therefore, Judge Lammens did not err in not considering Plaintiff's reply brief or any authority contained therein. Furthermore, the undersigned will certainly not consider those arguments for the first time in an appeal from a magistrate judge's order. *See, e.g., Williams v. McNeil,* 557 F.3d 1287, 1292 (11th Cir. 2009), *cert. denied,* ––– U.S. –––, 129 S.Ct. 2747, 174 L.Ed.2d 249 (2009) ("[A] district judge has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").[4]

On review of all the evidence, the Court is not left with "the definite and firm conviction that a mistake has been committed." *See Kramer*, 778 F. Supp. 2d at 1326-27. Thus, Judge Lammens' findings are not clearly erroneous. Further, the Magistrate Judge's Order is not contrary to law because he did not fail to or misapply any relevant law or rule of procedure. *See id.* The Court agrees entirely with Magistrate Judge Lammens' October 22, 2014 Order. *See* (Doc. No. 100). Discovery in this case is closed.[5]

---

[4] Inasmuch as Plaintiff requests the Court to appoint a computer expert, this objection is overruled. The Court agrees with the Magistrate Judge's findings in this regard as well. *See* (Doc. No. 100 at pp. 8-9).

[5] Although Judge Lammens ruled substantively on Plaintiff's motion to compel, the Court notes that Plaintiff's motion is alternatively due to be denied because it is in violation of (a) Local Rule 3.04 and (b) the Court's Case Management and Scheduling Order (the "CMSO). *See* (Doc. No. 36 at p. 3) ("Each party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline."). As to the CMSO, Plaintiff generally complains that Defendants waited until the last minute to serve answers to his discovery requests. (Doc. No. 102 at pp. 1-2 n.1). However, as discussed in prior Orders, the issues Plaintiff confronts could have been avoided by timelier discovery practices such as serving his requests upon Defendants sooner. *See* (Doc. Nos. 66, 82, 86).

## IV. CONCLUSION

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. Plaintiff Larry Klayman's Objection to and Appeal of Magistrate Judge's Order of October 22, 2014 Pertaining to Plaintiff's Motion to Compel, filed on October 28, 2014. (Doc. No. 102), is **OVERRULED**.

2. The Magistrate Judge's October 22, 2014 Order (Doc. No. 100) is **AFFIRMED**.

**DONE** and **ORDERED** in Orlando, Florida on November 24, 2014.

*/s/ Anne C. Conway*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Magistrate Judge Lammens