# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**LARRY KLAYMAN,**

        **Plaintiff,**

v.                                             Case No:  5:13-cv-143-Oc-22PRL

**CITY PAGES, KEN WEINER, AARON RUPAR, PHOENIX NEW TIMES, MATHEW HENDLEY and VOICE MEDIA GROUP,**

        **Defendants.**

_____/

## ORDER

This cause is before the Court on Plaintiff Larry Klayman's ("Plaintiff") Motion to Perfect Prayer for Punitive Damages or in the Alternative Motion to Amend Complaint, filed on November 20, 2014. (Doc. No. 106). Defendants City Pages, Mathew Hendley, Phoenix New Times, Aaron Rupar, Voice Media Group, and Ken Weiner ("Defendants") filed a response in opposition. (Doc. No. 108). For the reasons that follow, Plaintiff's motion is denied.

### I.  BACKGROUND

Plaintiff's Third Amended Complaint states: "At a later time appropriate time [sic], a prayer for punitive damages will also be pled." (Doc. No. 52 at p. 20). On September 3, 2014, Plaintiff filed a Motion for Leave to Amend Complaint, wherein he moved "to amend the [third amended] complaint to simply confirm that he is seeking punitive damages." (Doc. No. 67 at p. 2). In response, Defendants—correctly—asserted that the Court's Case Management and Scheduling Order (the "CMSO") set December 12, 2013, as the deadline to amend pleadings in

this case. *See* (Doc No. 69 at p. 1); (Doc. No. 36). Defendants argued that amendment would be improper because Plaintiff sought to amend his operative complaint nine months after the Court's deadline in the CMSO and just nineteen days before discovery closed. (*See id*).

In a text Order, the Court denied Plaintiff's motion to amend, noting that the deadline for amending pleadings had passed and stating that there had been "no good cause shown." (Doc. No. 70). The Court ordered that discovery would be permitted based on the issues raised in Plaintiff's Third Amended Complaint and stated, "Whether that includes punitive damages is a matter to be determined by the Magistrate Judge if requested." (*Id.*).

Plaintiff filed a motion requesting a telephonic hearing before Magistrate Judge Lammens to address the issue. (Doc. No. 71). On September 8, 2014, Judge Lammens entered an Order directing Plaintiff to file a brief "addressing why it was appropriate to plead his purported claim for punitive damages in the manner that he did." (Doc. No. 74 at p. 1). Shortly thereafter, on September 16, 2014, Judge Lammens found that Plaintiff's Third Amended Complaint did nothing more than put Defendants on notice that Plaintiff will plead a claim for punitive damages at some point in the future. (Doc. No. 82 at p. 2). Judge Lammens therefore found that Plaintiff's Third Amended Complaint did not contain a punitive damages claim. (*Id.*).[1]

## II. DISCUSSION

Two months after Judge Lammens found that Plaintiff's Third Amended Complaint does not contain a punitive damages claim, Plaintiff again seeks to "perfect his prayer for punitive damages" or in the alternative "to amend his complaint." (Doc. No. 106).

---

[1] Plaintiff filed an objection to and appeal of this Order; however, in that appeal, Plaintiff raised a separate issue which concerned the deposition of a Google representative. *See* (Doc. No. 84 at p. 5) ("Plaintiff here is solely appealing the protective order with regard to Google at this time."). Plaintiff's appeal made no mention of the magistrate judge's finding that his operative complaint did not contain a punitive damages claim.

As to Plaintiff's request to "perfect his prayer for punitive damages," Plaintiff is essentially seeking reconsideration or appeal of Judge Lammens' September 16, 2014, finding that Plaintiff's Third Amended Complaint did not contain a punitive damages claim. As noted above, Plaintiff did file an "objection and appeal" of that Order; however, in his filing, Plaintiff did not dispute Magistrate Judge Lammens' conclusion regarding Plaintiff's punitive damages claim and the time for doing so has long since passed. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the [magistrate's] order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.").

Plaintiff's "alternative" motion to amend his complaint (which whittled down to its core is what the instant motion truly is) is also due to be denied. Plaintiff passingly mentions *Federal Rule of Civil Procedure* 15 for support that he should be permitted to amend his complaint at this late stage of the litigation. *See* (Doc. No. 106 at p. 22). Pursuant to Rule 15(a), a party seeking to amend its complaint after it previously has amended the complaint, or after a responsive pleading has been filed, may amend the complaint "only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "However, where a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted." *See Smith v. School Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007) (citing Fed. R. Civ. P. 16(b); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)).

Per the CMSO, December 12, 2013, was the deadline to file a motion to add parties or amend pleadings. (Doc. No. 36). Under Rule 16, the Court's CMSO "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party

seeking the extension.'" *Sosa*, 133 F.3d at 1418 (citations omitted). "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry." *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) (citing *Sosa*, 133 F.3d at 1418). The Court considers three factors when deciding diligence: (1) if the moving party neglected to determine facts before filing pleadings or within discovery, (2) if the subject matter of the motion to amend was readily available to the moving party, and (3) if the moving party delayed filing the motion to amend. *See Lord,* 223 F. Supp. 2d at 1277.

Of course, Plaintiff does not even reference Rule 16(b) or address his lack of diligence in any way;[2] instead, Plaintiff spends most of his motion in an extended dramatic soliloquy discussing numerous irrelevant issues. Nevertheless, the Court is convinced that Plaintiff has (again) not shown good cause to justify amending his pleadings eleven months after the deadline to amend pleadings passed, two months after Judge Lammens already denied essentially the same motion, two months after discovery closed, and one month after Defendants filed a motion for summary judgment. *See Smith*, 487 F.3d at 1366-67 (affirming district court's denial of motion to amend pursuant to Rule 16 when filed more than a year after motion to amend deadline and approximately one month after defendant filed a motion for summary judgment).

### III. CONCLUSION

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. Plaintiff Larry Klayman's Motion to Perfect Prayer for Punitive Damages or in the Alternative Motion to Amend Complaint, filed on November 20, 2014 (Doc. No. 106), is **DENIED**.

---

2 On many occasions now, the Court has admonished Plaintiff that most of his present troubles stem from his failure to timely pursue discovery in this case. *See* (Doc. Nos. 66, 82, 86, 107).

**DONE** and **ORDERED** in Orlando, Florida on December 8, 2014.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Magistrate Judge Lammens