## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

CASE NO. 5:13-CV-00143-ACC-PRL

LARRY KLAYMAN,

                    Plaintiff,

v.

CITY PAGES, et. al.

                    Defendants.

## PLAINTIFF'S MOTION FOR RECONSIDERATION AND IN THE ALTERNATIVE MOTION TO CERTIFY AS CONTROLLING QUESTION OF LAW TO 11TH CIRCUIT FOR INTERLOCUTORY APPEAL

Pursuant to Federal Rules of Civil Procedure ("FRCP") 60(b) and U.S. District Court for the Middle District of Florida Local Rule 3.01(a), Plaintiff Larry Klayman ("Plaintiff"), respectfully moves this Court to reconsider the Court's Order of December 8, 2014 [Dkt. No. 110] and, in the alternative, moves the Court to certify the Court's Order of December 8, 2014 for interlocutory review pursuant to 28 U.S.C. § 1292(b) on the following grounds, and presents a supporting memorandum of law in connection thereto:

## FACTUAL BACKGROUND

On March 20, 2013, Plaintiff filed a Complaint in this action. Pursuant to Florida law, he pled punitive damages under Florida Statute § 768.72 which put Defendants on notice that he would be seeking punitive damages.

This case continued for seventeen months without a word from Defendants regarding punitive damages. In August of 2014, an issue arose in discovery as to whether Plaintiff was

entitled to information about Defendants' net worth since net worth may bear on an amount a

jury may award for punitive damages. Defendants objected to producing this information and

filed a Motion for Protective Order [Dkt. 59] claiming for the first time, and long into this case,

that Plaintiff had not sufficiently pled punitive damages and therefore he should not be entitled to

information about net worth.

Seeking to eliminate this issue, Plaintiff filed a Motion to Correct/Amend Third

Amended Complaint [Dkt. No. 67] with the Judge to clarify that he had pled punitive damages

correctly under Florida law. On September 4, 2014, the Court denied this motion without

prejudice and referred this matter to the Magistrate Judge. In entering a protective order and

finding that information about net worth need not be produced at that time, the Magistrate Judge

did not foreclose Plaintiff from moving to amend the complaint at the close of discovery, when

more information would be available bearing on the issue of punitive damages under Florida

Statute § 768.72. Specifically, the Magistrate Judge ruled, "[s]ection 768.72 . . . prohibits any

allegation of punitive damages until permitted by the court after a 'reasonable showing by

evidence in the record or proffered by the claimant which would provide a reasonable basis for

recovery of such damages.'" Fla. Stat. § 768.72(1). The Magistrate Judge continued, "[u]nless

and until Plaintiff pleads a claim for punitive damages, it would be premature to allow discovery

on net worth." This is the reason why Plaintiff did not object to the Magistrate Judge's order

appealing it to the Judge, since discovery was ongoing.

In short, the issue as to whether Plaintiff had properly pled punitive damages did not arise

until the Court's first deadline to amend the complaint had passed on December 12, 2013. This

deadline, occurring almost a year and a half before trial is scheduled to begin on April 1, 2015,

could not have been meant to foreclose later amendments to the complaint as discovery progressed and concluded.

When Defendants finally produced documents on the last day of the discovery period, September 22, 2014, an extremely important and compelling document was disclosed. This document was the blog posting of Defendant Ken Avidor wherein he viciously defamed Plaintiff. The document was crucial because not only was it linked to the article of Defendant Rupar which contained the headline "Bradlee Dean's Lawyer Larry Klayman: Allegations of Sexual Abuse to Children" and which later in the posting told readers that Plaintiff had committed a crime when he did not, but it also equated Plaintiff with infamous pedophiles who had been convicted of crimes, such as the perverted school teacher who fed his students semen, and Jerry Sandusky, the Pennsylvania State football coach who is a convicted child molester.

Thus, given the production of this document, this was a proper time to perfect Florida Statute § 768.72 and make a showing that punitive damages were warranted. In this regard, Plaintiff filed a detailed motion on November 20, 2014 setting forth why punitive damages could now be fully pled. Indeed, this motion was filed on the last date provided by this Court for the motion to be filed, and thus the motion was filed timely.

<u>**ARGUMENT**</u>

I.    THIS COURT SHOULD GRANT PLAINTIFF'S MOTION FOR RECONSIDERATION BECAUSE UNDER FRCP 60(b), CRUCIAL EVIDENCE, NAMELY THE BLOG POSTING OF DEFENDANT AVIDOR THAT HAD NOT BEEN CONSIDERED PROVIDES A BASIS FOR THIS COURT TO VACATE, RECONSIDER, AND/OR MODIFY THE DECEMBER 8, 2014 ORDER AND GRANT PLAINTIFF'S MOTION TO PERFECT PRAYER FOR PUNITIVE DAMAGES OR IN THE ALTERNATIVE MOTION TO AMEND COMPLAINT.

FRCP 60(b) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1)

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

reasonable diligence, could not have been discovered in time . . . or (6) any other reason that

justifies relief."

As stated, when Defendants finally produced documents on the last day of the discovery

period, the crucial and compelling blog posting of Defendant Ken Avidor, wherein he viciously

defamed Plaintiff, was finally disclosed. Under FRCP 60(b)(2), reconsideration should be

granted because Defendant Avidor's blog constitutes "newly discovered evidence that . . . could

not have been discovered in time," Fed. R. Civ. P. 60(b)(2), and there are compelling reasons

that justify relief requested by Plaintiff. Due to the importance of the blog post, which

undoubtedly showed that punitive damages were warranted, FCRP 60(b)(2) supports

reconsideration as the evidence was, and is, highly probative and relevant to the outcome of this

case. Such evidence, in and of itself, set forth why punitive damages could now be fully pled.

Because this crucial evidence was not disclosed until after the initial deadline of December 12,

2013 to amend the complaint, reconsideration is proper and timely.

Moreover, under FRCP 60(b)(6), the fact that punitive damages are routinely and

automatically awarded in actions for defamation per se is another reason that justifies relief in

this case.  Under black letter law, defamation per se gives rise to a prayer for punitive damages.

*See Lawnwood Medical Center, Inc.*, 43 So.3d at 726-28 (finding that a jury verdict's finding of

slander per se warranted punitive damages). "The singular protection afforded by Florida law to

personal reputation in actions for defamations per se is further seen by the fact that punitive

damages may be the primary relief in a cause of action for defamation per se. *Jones v. Greeley,*

25 Fla. 629 (1889), held that malice is an intrinsic part of actions for defamation per se in order

that the jury may consider punitive damages." *Lawnwood Medical Center, Inc.*, 43 So.3d at 727.

Overall, "[t]he history of Florida law makes clear that that liability alone for intentionally malicious defamation per se will support substantial punishment in punitive damages." *Id.* at 728. Thus, "when the claim is defamation per se, liability itself creates a conclusive legal presumption of loss or damage and is alone sufficient for the jury to consider punitive damages." *Id.* (finding that "liability for [defamation] per se, coupled with an express finding that the slander was intended to injure plaintiff and did in fact cause injury, authorized the jury to consider and assess punitive damages . . . ."); *Bobenhausen v. Cassat Ave. Mobile Homes,* 344 So.2d 279, 281 (Fla. 1st DCA 1977) (holding that in libel per se even though no special damages proven, plaintiff may still recover punitive damages upon a showing that publication was made for malice or ill-will toward him). Accordingly, under FRCP 60(b)(6), relief is justified as punitive damages are ordinarily awarded in defamation per se actions, such as the present case, under Florida law.

        a.      Regarding Plaintiff's Motion To Perfect Prayer For Punitive Damages, Under FRCP 72(a), It Would Have Been Premature For Plaintiff To Object To The Magistrate Judge's Order, Which Suggested That Plaintiff Did Not Plead Punitive Damages.

While FRCP 72(a) states that "[a] party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy," Plaintiff was not foreclosed from moving to amend the complaint at the close of discovery.

As stated, the Court denied Plaintiff's Motion to Correct/Amend Third Amended Complaint [Dkt. No. 67], to clarify that he had pled punitive damages correctly under Florida law, without prejudice and referred this matter to the Magistrate Judge. The Magistrate Judge simply entered a protective order and found that information about net worth did not need to be produced at that time. Such a finding in no way foreclosed Plaintiff from moving to amend the complaint at the close of discovery because more relevant information, such as the disclosure of

the crucial Avidor blog post, bearing on the issue of punitive damages under Florida Statute § 768.72, would become available.

The Magistrate Judge ruled that "[s]ection 768.72 . . . prohibits any allegation of punitive damages until permitted by the court after a 'reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.'" Fla. Stat. § 768.72(1). The Magistrate Judge continued, "[u]nless and until Plaintiff pleads a claim for punitive damages, it would be premature to allow discovery on net worth." Accordingly, while the Magistrate Judge did find that Plaintiff had not plead a claim for punitive damages at that time, the Magistrate Judge only pointed this out for the purposes of stating that Plaintiff could not plead punitive damages until a reasonable showing providing a reasonable recovery of punitive damages could be shown by evidence. As stated, such evidence would not become available until after the 14-day deadline afforded under FRCP 72(a). This is the very reason why Plaintiff did not object to the Magistrate Judge's order appealing it to the Judge, since discovery was ongoing. The Magistrate Judge's order was not viewed by Plaintiff as finding that Plaintiff could not plead punitive damages at a later time, such as the close of discovery when more relevant and probative information and documents would be available. Thus, in relying on the Magistrate Judge's finding, Plaintiff did not believe he had a reason to object to the Magistrate Judge's order. It is also important to point out that, as the Magistrate Judge confirmed in his order, Plaintiff put Defendants on notice that he would plead a claim for punitive damages. *See* Magistrate Judge's Order, dated Sept. 16, 2014, at p.2 [Dkt. No. 82]. Therefore, Defendants would not be prejudiced in allowing Plaintiff to perfect his prayer for punitive damages as they have been on notice from the outset of this entire case.

In sum, the issue as to whether Plaintiff had properly pled punitive damages did not arise until the Court's first deadline to amend the complaint had passed on December 12, 2013. This deadline, occurring almost a year and a half before trial is scheduled to begin on April 1, 2015, could not have been meant to foreclose later amendments to the complaint as discovery progressed and concluded.

      b.      Regarding Plaintiff's Alternative Motion To Amend Complaint, Under FRCP 15(a) And 16(b), Plaintiff Did Show Good Cause Why Leave To Amend Should Be Granted.

FRCP 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave[, and] [t]he court should freely give leave when justice so requires." *See Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Leave to amend a complaint should be freely given . . . ."). In the event that "a party's motion to amend is [found to have been] filed after the deadline . . . , the party must show good cause why leave to amend the complaint should be granted." *See Smith v. School Bd. Of Orange County*, 487 F.3d 1361, 1366 (11th Cir. 2007).

Under FRCP 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "[The] good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citations omitted). "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry." *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002). The Court considers three factors when deciding diligence: (1) if the moving party neglected to determine facts before filing pleadings or within discovery, (2) if the subject matter of the motion to amend was readily available to the moving

party, and (3) if the moving party delayed filing the motion to amend. *See Lord*, 223 F. Supp. 2d at 1277.

The Court's Order of December 8, 2014 suggests that Plaintiff did not make a showing of good cause sufficient to amend the complaint to include a prayer for punitive damages. In so finding, this Court respectfully erred as a matter of fact and law for the following reasons: (1) Plaintiff did not discover the blog posting of Defendant Ken Avidor until after the initial deadline of December 12, 2013 to amend the complaint; (2) the law is clear that under Fed. R. Civ. Pro. 15, leave to amend is to be freely granted particularly when no prejudice will result to the opposing party. Here, Defendants have been on notice for **almost two years** that Plaintiff was pleading punitive damages; (3) the law is clear that complaints are routinely amended after discovery closes, particularly since new information usually comes to light during the discovery period. This was the case in this instance; (4) The law is also clear that complaints can be amended even after the close of evidence at trial. *See Valero Mktg. & Supply Co. v. Southcap Pipe Line Co.*, 2010 U.S. Dist. LEXIS 103875, 1-2 (S.D. Ill. Sept. 29, 2010) ("After the close of evidence, Plaintiffs filed a motion to amend the complaint to conform to the evidence adduced at trial (Doc. 182), which the Court granted.") ; *Jacobs v. Central Transport, Inc.,* 891 F. Supp. 1088, 1093-94 (E.D.N.C. 1995) (granting plaintiff's motion to amend the complaint to conform to the evidence made after the close of evidence at trial but before judgment was rendered). Plaintiff moved to amend his compliant well before the trial in this case, which is scheduled to being April 1, 2015.

Thus, Plaintiff has shown good cause to amend the complaint at this time as he properly pled punitive damages under Florida Statute § 768.72 and now has compelling information from the blog posting of Ken Avidor – obtained during discovery which did not close under the Case

Management Order until September 22, 2013 – that a prayer for punitive damages is clearly

warranted. Accordingly, under FRCP 15(a) and 16(b), Plaintiff has shown good cause as to why

leave to amend should be granted.

II.     IN THE UNLIKELY EVENT THAT THIS COURT DOES NOT GRANT
        PLAINTIFF'S MOTION FOR RECONSIDERATION, IN THE ALTERNATIVE,
        PLAINTIFF RESPECTFULLY SUBMITS THAT THE COURT'S ORDER PRESENTS
        A CLEAR GROUNDS TO THE 11TH CIRCUIT FOR IMMEDIATE
        INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b)

        Plaintiffs respectfully requests that the Court certify its order for interlocutory review on

the issue of perfecting his prayer for punitive damages or amending his Third Amended

Complaint to clarify that punitive damages were properly plead.

        Under 28 U.S.C. § 1292(b), an appellate court has the discretion to review a non-final

order that the district court has certified "involves a controlling question of law as to which there

is substantial ground for difference of opinion and that an immediate appeal from the order may

materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Allowing

interlocutory review under this statute "can simplify, or more appropriately direct, the future

course of litigation [and] can thereby reduce the burdens of future proceedings. . . ." *Johnson v.

Jones*, 515 U.S. 304, 309-10 (1995).

        Under precedent for the U.S. Court of Appeals for the Eleventh Circuit ("11th Circuit"),

"[f]or a question to be a 'controlling question of law,' it must be 'a question of the meaning of a

statutory or constitutional provision, regulation, or common law doctrine,' and 'does not mean

the application of settled law to fact.'" *Woods v. Christensen Shipyards, Ltd.*, 2006 U.S. Dist.

LEXIS 49564, 10 (S.D. Fla. Feb. 21, 2006) (quoting *McFarlin v. Conseco Servs.*, 381 F.3d 1251,

1258 (11th Cir. 2004)). "[W]hat the framers of § 1292(b) had in mind [with regard to the

question of law requirement] is more of an abstract legal issue or what might be called one of

'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.'" *McFarlin*, 381 F.3d at 1258 (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000)).

In regards to Florida Statute § 768.72, this Court has found this law to be substantive and has applied the statute under *Erie* to federal court cases that concern state law causes of action. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). The most detailed analysis comes from the Court's decision in *Neill v. Gulf Stream Coach, Inc.*, 966 F. Supp. 1149 (M.D. Fla. 1997). The Honorable William Terrell Hodges from this district analyzed whether Section 768.72 conflicted with FRCP 8 and 9. In finding the statute substantive, the court emphasized the lack of any timing requirements under FRCP as well as the comprehensive scheme of Section 768. Importantly, the Court began by noting that while FRCP 8 establishes a right to plead generally, there is "no requirement that all claims be plead in the first complaint or that an entitlement to relief will be lost forever if not so plead." *Id*. at 1153.

Accordingly, the Court concluded that the statute and FRCP 8 "are capable of harmonious coexistence." *Id*. at 1154. "If the plaintiff ultimately makes the required showing [under the Florida statute], the complaint may be amended to add claims for punitive damages that, when made, must simply comport with the requirements of Rule 8(a)." For FRCP 9, the court again emphasized that lack of a timing provision. While FRCP 9 requires that damages be specifically plead, " . . . the lack of a timing provision in Rule 9(g) read in light of the liberal amendment provisions of Rule 15 compels the conclusion that Rule 9(g) and § 768.72 'can exist side by side . . . each controlling its own intended sphere of coverage without conflict.'" *Id*. (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980)).

Amendment is appropriate here because the failure to allow an amendment under these circumstances could result in the Court and the parties trying this case at huge time and expense without consideration by the jury of punitive damages only to require Plaintiff to appeal the Court's decision not to allow amendment to the appellate court. Given that there are controlling questions of law over whether punitive damages should be subject to amend at this time, and because of the substantive nature of Plaintiff's prayer for punitive damages, which if successful could reap millions of dollars to Plaintiff, there is a substantial likelihood that the appellate court would reverse the Court's order of December 8, 2014 and order a new trial. To try this case without the jury considering whether punitive damages are warranted would result in an unfortunate waste of judicial and private resources and also work a manifest injustice to Plaintiff. Accordingly, in issuing it's Order of December 8, 2014, this Court inadvertently factually ignored the Avidor Blog posting and erred as a matter of law by not allowing for amendment as allowed by Florida Statute § 768.72.

Also, because the resolution of the issue involving punitive damages will materially impact the remainder of this litigation, the issue is now ideally suited for resolution by the Eleventh Circuit. An immediate appeal will materially advance the certainty and ultimate termination of the litigation, which further satisfies certification under § 1292(b). *See McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1259 (11th Cir. 2004) (noting the requirement that an interlocutory appeal materially advance the litigation is satisfied when "resolution of a controlling legal question would serve to . . . substantially shorten the litigation") (citations omitted).

## **CONCLUSION**

In sum, the Court should grant Plaintiff's Motion for Reconsideration because newly discovered crucial evidence that could not have been discovered in time was disclosed at the end of discovery, punitive damages are regularly awarded in successful actions for defamation per se, it would have been premature for Plaintiff to object to the Magistrate Judge's Order, and Plaintiff successfully showed good cause why leave to amend should be granted.

In the unlikely even that the Court denies Plaintiff's motion for reconsideration, the Court should respectfully, in the alternative, certify its December 8, 2014 Order denying Plaintiff's motion to perfect his prayer for punitive damages or in the alternative amend his Third Amended Complaint for interlocutory review, thereby allowing the Eleventh Circuit Court of Appeals to immediately consider the order and direct the course of future litigation in this action, because a question of law and fact has arisen, an unfortunate waste of judicial and private resources in addition to manifest injustice would occur, and the resolution of the issue involving punitive damages would materially impact the remainder of this litigation.

Plaintiff has conferred with Defendants' counsel and they oppose this Motion.

Dated: December 10, 2014

Respectfully Submitted,

/s/ Larry Klayman

Larry Klayman, Esq.
Florida Bar No. 246220
2775 NW 49th Ave., Suite 205-346
Ocala, FL 34483
(310) 595-0800
Email: leklayman@gmail.com

Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of December 2014 a true and correct copy of the foregoing Motion For Reconsideration and in the Alternative Motion to Certify as Controlling Question of Law to 11th Circuit for Interlocutory Appeal (Case No. 5:13-cv-00143) was submitted electronically to the U.S. District Court for the Middle District of Florida and served via CM/ECF upon the following:

**Sanford Lewis Bohrer**
Holland & Knight, LLP
Suite 3000
701 Brickell Ave
Miami, FL 33131
305/374-8500
Fax: 305/789-7799
Email: sbohrer@hklaw.com

**Scott D. Ponce**
Holland & Knight, LLP
Suite 3000
701 Brickell Ave
Miami, FL 33131
305/789-7575
Email: sponce@hklaw.com

*Attorneys for Defendants*

*/s/ Larry Klayman*

Larry Klayman, Esq.