**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**LARRY KLAYMAN,**

      **Plaintiff,**

v.                                        Case No: 5:13-cv-143-Oc-22PRL

**CITY PAGES, KEN WEINER, AARON**
**RUPER, PHOENIX NEW TIMES,**
**MATHEW HENDLEY and VOICE**
**MEDIA GROUP,**

      **Defendants.**

_____/

**ORDER**

This cause comes before the Court on Plaintiff Larry Klayman's ("Plaintiff") Motion for Reconsideration and in the Alternative Motion to Certify as Controlling Question of Law to the 11th Circuit for Interlocutory Appeal. (Doc. No. 111). Defendants City Pages, Mathew Hendley, Phoenix New Times, Aaron Rupar, Voice Media Group, and Ken Weiner ("Defendants") filed a response in opposition. (Doc. No. 112). For the reasons that follow, Plaintiff's motion is denied.

*A.  Motion for Reconsideration*

The Court recognizes three grounds justifying reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Group, Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007). For example, reconsideration may be appropriate where "the Court has patently misunderstood a party." *O'Neill v. Home Depot U.S.A., Inc.,* 243 F.R.D. 469, 483 (S.D. Fla. 2006). The Court will not reconsider a ruling based on arguments "which could, and should, have been previously made." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000) (internal brackets, citations and quotations omitted); *see also Lussier v.*

*Dugger*, 904 F.2d 661, 667 (11th Cir. 1990) (motions for reconsideration in the district court "should not be used 'to raise arguments which could, and should, have been made before the judgment is issued.'"). A "party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *Villaflores v. Royal Venture Cruise Lines, LTD.*, No. 96–2103–Civ–T–17B, 1997 WL 728098, at *2 (M.D. Fla. Nov. 17, 1997) (internal citations omitted). The Court will also not reconsider a previous ruling when the plaintiff seeks to relitigate "what has already been found lacking." *McGuire*, 497 F. Supp. 2d at 1358. As the Court has stated on many occasions, a motion for reconsideration must meet a stringent standard. *See id.* (articulating high standard).

Here, Plaintiff fails to meet the strict requirements for reconsideration. Plaintiff primarily relies on what he labels the "crucial and compelling blog posting of Defendant Ken Avidor." (Doc. No. 11 at pp. 4). Plaintiff argues that reconsideration is appropriate because this blog post constitutes "newly discovered evidence that . . . could not have been discovered in time." (*Id.*) (alteration in original). This argument misconstrues the reconsideration standard. Plaintiff discussed this blog posting in his original motion. (Doc. No. 106 at pp. 10-12). The Court considered Plaintiff's argument and rejected it. (Doc. No. 110). Accordingly, this is not newly discovered evidence that would warrant reconsideration of a prior Order.

Inasmuch as Plaintiff continues to argue that he could not plead a punitive damages claim until he discovered this "new evidence" (Doc. No. 111 at pp. 5-7), Plaintiff failed to demonstrate his diligence in pursuing amendment and therefore good cause for why the Court should have granted leave to amend. (*See* Doc. No. 110 at pp. 3-4 (citing, among others, *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).[1] Courts consider three factors when deciding diligence: (1) if the

---

1 As the Court pointed out in its prior Order, Plaintiff failed to address the relevant standards in his original motion. (Doc. No. 110 at p. 4).

moving party neglected to determine facts before filing pleadings or within discovery, (2) if the subject matter of the motion to amend was readily available to the moving party, and (3) if the moving party delayed filing the motion to amend. *See Lord*, 223 F. Supp. 2d at 1277. As Plaintiff concedes, Defendants produced the alleged "smoking gun" blog post to him on September 22, 2014 – the last day of discovery. (Doc. No. 111 at p. 4). Nevertheless, Plaintiff waited until November 20, 2014, two months later, to file his Motion to Perfect Prayer for Punitive Damages or in the Alternative Motion to Amend Complaint. (Doc. No. 106); *see also, e.g., Smith v. BCE Inc.,* No. Civ.A. SA04CV0303XR, 2005 WL 1593386, at * 2 (W.D. Tex. June 10, 2005) (good cause not shown where amendment requested two months after plaintiff obtained relevant documents). Indeed, at that point, Defendants had already filed their motion for summary judgment, to which Plaintiff had already responded. (Doc. Nos. 94, 104).

In sum, Plaintiff has not presented the Court with any reason to reconsider its prior Order. Plaintiff has not provided the Court with new evidence nor has he established that reconsideration is necessary to correct clear error or prevent manifest injustice. *McGuire*, 497 F. Supp. 2d at 1358. Here, Plaintiff is merely attempting to relitigate old matters by rehashing arguments previously made and rejected.

### B.  Alternative Motion to Certify Interlocutory Appeal

In the alternative, Plaintiff requests that the Court, pursuant to 28 U.S.C. § 1292(b), certify an issue for interlocutory appeal to the Eleventh Circuit. (Doc. No. 111 at pp. 9-11). Plaintiff argues there are "controlling questions of law over whether punitive damages should be subject to amend at this time." (*Id.* at p. 11). Section 1292 states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

Granting review of interlocutory orders under § 1292 is permitted only in exceptional circumstances. *McFarlin v. Conseco Servs., LLC,* 381 F.3d 1251, 1256 (11th Cir. 2004). "In determining whether to grant review, [a court] should ask if there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed." *Id.* at 1259. There is no such substantial dispute here. Plaintiff has failed to show exceptional circumstances warranting certification for interlocutory review. Indeed, a § 1292(b) interlocutory appeal is a "rare exception" to the rule that appellate review must be conducted after final judgment. *Id.* at 1264.

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. Plaintiff Larry Klayman's Motion for Reconsideration and in the Alternative Motion to Certify as Controlling Question of Law to the 11th Circuit for Interlocutory Appeal, filed on December 10, 2014 (Doc. No. 111), is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 12, 2015.

ANNE C. CONWAY
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties