# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**LARRY KLAYMAN,**

      **Plaintiff,**

**v.**                                                        **Case No: 5:13-cv-143-Oc-22PRL**

**CITY PAGES, KEN WEINER, AARON RUPER, PHOENIX NEW TIMES, MATHEW HENDLEY and VOICE MEDIA GROUP,**

      **Defendants.**

_____/

## ORDER

This cause comes before the Court on Plaintiff Larry Klayman's ("Plaintiff") Motion to Strike, filed on January 29, 2014. (Doc. No. 116). Defendants City Pages, Mathew Hendley, Phoenix New Times, Aaron Rupar, Voice Media Group, and Ken Weiner ("Defendants") filed a response in opposition. (Doc. No. 119). For the reasons that follow, Plaintiff's motion is denied.

Rule 12(f) of the *Federal Rules of Civil Procedure* provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, motions to strike based on immateriality, insufficiency, or irrelevance are not favored and often considered "time wasters." *Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996). To strike a pleading, the matter sought to be omitted must have "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted). Thus, because a movant rarely meets this standard, motions to

strike generally are disfavored by the court. *United States ex rel. Chabot v. MLU Servs., Inc.*, 544 F. Supp. 2d 1326, 1330 (M.D. Fla. 2008).

Although Plaintiff argues that "Defendants and their counsel raised anew the issue of the so-called 'libel-proof plaintiff' defense during the pre-trial conference" in January 2015, (Doc. No. 120 at p. 1), Plaintiff fails to realize that this defense appears in Defendants' Answer and Affirmative Defenses, (*see* Doc. No. 56 at p. 6, ¶ 2) ("Plaintiff's claims are barred because his reputation in all relevant communities renders him libel-proof."). Plaintiff had twenty-ones days under the *Federal Rules of Civil Procedure* to move to strike this defense from Defendants' pleading. Fed. R. Civ. P. 12(f). He did not. Instead, Plaintiff waited until after Defendants' motion for summary judgment was fully ripe, more than five months after Plaintiff was on notice of this defense through Defendant's Answer and Affirmative Defenses, to file the pending motion to strike.

Similarly, Plaintiff did not move for summary judgment on this "insufficient defense" and, in fact, stated in response to Defendants' motion for summary judgment: "[A]ny claim that Plaintiff is libel-proof is unfounded and not based in fact or law because libel was found in the very recent Judicial Watch case in a neighboring Florida district." (Doc. No. 104 at p. 25 n.15). Therefore, Plaintiff then had the opportunity to argue the viability of this defense and instead chose to substantively respond that he was not libel proof.

Finally, Plaintiff recognizes the availability of this defense in some jurisdictions. (Doc. No. 116 at p. 2). Even though Plaintiff could not "find a single mention of the defense in Florida[,]" he also could not direct the Court to any instance where a Florida court stated that the defense does not exist. (*Id.*).

This is simply not the case where this defense has "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice [Plaintiff]." *Trans World Airlines*, 881 F. Supp. at 576.[1]

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. Plaintiff Larry Klayman's Motion to Strike, filed on January 29, 2014. (Doc. No. 116), is **DENIED**.

2. Plaintiff Larry Klayman's Motion to File Reply in Support of Motion to Strike, filed on February 17, 2015 (Doc. No. 120), is **DENIED** as moot.

**DONE** and **ORDERED** in Orlando, Florida on March 9, 2015.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The Court does not need any further briefing in the form of a reply to resolve this motion. *See* M.D. Fla. Loc. R. 3.01(c). Plaintiff's Motion for Leave to File Reply in Support of Plaintiff's Motion to Strike is therefore denied as moot.