UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 5:13-00143-ACC-PRL

LARRY KLAYMAN,

    Plaintiff,

vs.

CITY PAGES *et al.*,

    Defendants.
_____/

## DEFENDANTS' MOTION TO TAX COSTS

Defendants, pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 4.18, move for the entry of an Order taxing costs in the amount of $4,228.70 against Plaintiff. The grounds for this Motion are:

By Order dated April 3, 2015 [ECF No. 124], the Court granted Defendants' motion for summary judgment. The Order directed the Clerk to enter judgment in favor of Defendants, with the judgment to provide that Defendants shall recover their costs of action. On the same day, and as directed by the Court, the Clerk entered judgment in favor of Defendants, and against Plaintiff [ECF No. 125]. The judgment provides that Defendants "shall recover their costs of this action."

Title 28 U.S.C. §1920 governs the costs that Defendants are permitted to recover from Plaintiff. *See, e.g., United States Equal Employment Opportunity Commission v. W&O, Inc.* 213 F.3d 600, 621 (11th Cir. 2000) ("a court may only tax costs as authorized by statute"); *Acadian Fertilizer L.P. v. MPW Industrial Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)) ("As the Supreme Court has

explained, absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. §1920.").

As detailed below, Defendants are entitled to recover $4,228.70 in costs from Plaintiff. A bill of costs, together with the underlying documentation, is attached as Exhibit 1.

### A.   §1920(1) – $70.00

Section 1920(1) allows fees of the marshal to be taxed as costs. Although §1920(1) is written in terms of fees of the "marshal," the Eleventh Circuit allows the fees of private process servers to be taxed as costs under §1920(1). *See, e.g., W&O*, 213 F.3d at 624. However, courts may not tax any portion of a private process server's fee that is greater than the marshal's rate, which currently is capped (by regulation) at "$55 per hour (or portion thereof)." *See id.*; *see also* 28 C.F.R. 0.114(a)(3).

Defendants served two separate subpoenas upon Thomas Madden. Mr. Madden is the man whom Plaintiff designated as an expert witness, and the subpoenas were served in connection with Mr. Madden's deposition. Plaintiff withdrew Mr. Madden after he was deposed and after Defendants moved to exclude his testimony [ECF Nos. 92, 97, 98].

OJF Services, Inc. charged Defendants $35 to serve each of the two subpoenas, for a total of $70. Those charges are set out on the attached invoice nos. 2014010258 and 2014010258.

Defendants are ***not*** seeking to recover the rush fees listed on the invoices because such fees are not compensable under §1920(1). *See, e.g., James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 650 (S.D. Fla. 2007); *Suchite v. Kleppin*, 2012 WL 1933555 at *4 (S.D. Fla. March 23, 2012); *Delaware Valley Floral Group, Inc. v. Shaw Rose Nets, LLC*, 2009 WL 5127940 at *2 (S.D. Fla. Nov. 6, 2009).

**B.     §1920(2) – $4,113.70**

Section 1920(2) allows "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" to be taxed as costs. Defendants seek a total of $4,113.70 for this category, which are for the transcripts of the depositions of Plaintiff ($770.30), "Expert Witness" Madden ($606.40), Defendant Hendley ($586.80), Defendant Rupar ($620.50), Defendant Avidor ($1,045.80), and Nicholas Van De Voorde, whom Plaintiff deposed as Defendant Voice Media Group's Rule 30(b)(6) designee ($483.90). The underlying invoices are attached.

The transcripts of the depositions of Plaintiff, Defendant Hendley, Defendant Rupar, Defendant Avidor, and Mr. Van De Voorde (as Defendant Voice Media Group's Rule 30(b)(6) designee) were necessarily obtained for use in the case because they are the parties to the litigation; thus, it cannot be said that the transcripts were obtained merely for convenience or investigation. Moreover, all of those transcripts were used in connection with Defendants' successful motion for summary judgment. The transcript of Mr. Madden's deposition was necessarily obtained for use in the case because it was used to support Defendants' successful motion to exclude Mr. Madden's proposed expert witness testimony.

As can be seen from the attached invoices, Defendants seek to recover only the costs of the transcripts and their exhibits, and, in the case of the depositions of Plaintiff and Mr. Madden, the attendance fees charged by the court reporters.[1] Defendants do ***not*** seek to recover any of the other costs listed on the invoices, which are for things such as shipping and handling, production, archiving, etc.

---

[1] Attendance fees charged by court reporters are recoverable under §1920(2). *See, e.g., J.G. v. Carnival Corp.*, 2013 WL 5446412 at **2-3 (S.D. Fla. Sept. 28, 2013); *Duchateau v. Camp Dresser & McKee, Inc.*, 2012 WL 1069166 at *2 (S.D. Fla. March 29, 2012).

3

**B.     §1920(3) – $45**

Section 1920(3) allows witness fees to be taxed against the losing party. As shown on attached invoice no. 2014010258, Defendants paid $45 to Mr. Madden to cover the $40 statutory fee and any transportation expenses he incurred. *See* 28 U.S.C. §1821(b)-(c).

For these reasons, Defendants respectfully request the entry of an Order taxing costs in the amount of $4,228.70 against Plaintiff.

### CERTIFICATION OF COUNSEL

On April 6, 2015, counsel for Defendants sent an e-mail to Plaintiff asking whether he would agree to pay these costs. Plaintiff never responded.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Defendants
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)

By: /s/ Scott D. Ponce
Sanford L. Bohrer (FBN 160643)
Scott D. Ponce (FBN 0169528)
Email: sbohrer@hklaw.com
Email: sponce@hklaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of April 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System.

By: /s/ Scott D. Ponce

4

#35199682_v1