UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 5:13-00143-ACC-PRL

LARRY KLAYMAN,

      Plaintiff,

vs.

CITY PAGES  *et al.*,

      Defendants.

_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendants submit their response to Plaintiff's Motion for Reconsideration (the "Motion")

[ECF No. 133].  The Motion should be denied for the following reasons:

Plaintiff's filing of the Motion is exactly what the Court said would place him "at [ ] risk

of facing sanctions from the Court" (Order [ECF No. 124], p.32).  The Motion, which seeks relief

under Rule 59(e) of the Federal Rules of Civil Procedure, does not identify an intervening change

in controlling law or any new evidence that was previously unavailable to Plaintiff.  Plaintiff argues

that reconsideration is necessary to correct what he says are errors – and, consequently, to prevent

what he says would be manifest injustice if he were to lose this case – but he does not and cannot

identify any "'manifest errors of law or fact.'"  *See Jacobs v. Tempur-Pedic International, Inc.*,

626 F.3d 1327, 1344 (11th Cir. 2010) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir.

2005)) (additional internal citations omitted).

Instead, Plaintiff makes clear his disagreement and dissatisfaction with the Court's

reasoning and conclusions, but that decidedly is not a basis for relief under Rule 59(e).  *See, e.g.,*

*Jacobs*, 626 F.3d at 1344  ("Having read Jacobs's motion, we conclude that it did nothing but ask

the district court to reexamine an unfavorable ruling.  Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59. . . .  Jacobs's remedy, if he thought the district court's ruling was wrong, was to appeal . . . ."); *Travis v. Secretary, DOC*, 2013 WL 5596395 at *1 (M.D. Fla. Oct. 11, 2013) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)) ("Court opinions 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'"); *Garrett v. Stanton*, 2010 WL 320492 at *2 (S.D. Ala. Jan. 18, 2010) ("Far too often, litigants operate under the flawed assumption that any adverse ruling on a dispositive motion confers upon them license to move for reconsideration, vacatur, alteration or amendment as a matter of course, and to utilize that motion as a platform to criticize the judge's reasoning, to relitigate issues that have already been decided, to champion new arguments that could have been made before, and otherwise to attempt a 'do-over' to erase a disappointing outcome.  This is improper.  Lamentably, the frequency of such 'knee-jerk' Rule 59(e) motions in this District Court appears to have risen of late, to the point where such filings by summary judgment losers have become virtually automatic.  To be clear, the undersigned views the *pro forma* filing of Rule 59(e) motions, in derogation of applicable legal standards, as an abusive practice that wastes considerable judicial and litigant resources, and implicates Rule 11.").

There is no reason or basis for the Court to reconsider, alter, or amend its Final Judgment or its Order granting Defendants' dispositive motion for summary judgment. The Motion should be denied.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Defendants
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)

By: /s/ Scott D. Ponce
Sanford L. Bohrer (FBN 160643)
Scott D. Ponce (FBN 0169528)
Email: sbohrer@hklaw.com
Email: sponce@hklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of May 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System.

/s/ Scott D. Ponce

3