**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

CASE NO. 5:13-CV-00143-ACC-PRL

LARRY KLAYMAN,

                Plaintiff,

v.

CITY PAGES, et. al.

                Defendants.

---

### PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Once again Defendants file a pleading which does not address the merits of what Plaintiff sets forth in his motion for reconsideration. Defendants instead simply argue that Plaintiff did not set forth errors of fact and law under Rule 59 of the Federal Rules of Civil Procedure ("FRCP") and thus reconsideration is not warranted.  Defendants also, emboldened by the Court's prior statements in its order of April 3, 2015, granting summary judgment ("Order"), ask for sanctions.

Plaintiff has a right legally to pursue all legal remedies in what he perceives to be a factually and legally incorrect summary judgment order. If Plaintiff is to be penalized for pursuing his rights, this would work a denial of due process and a manifest injustice.

However, apparently perceiving that the Court is biased against Plaintiff, particularly in light of the tenor and letter of its summary judgment order, Defendants seek to take advantage of this for strategic gain, to avoid having to address the considerable merits of Plaintiff's motion for reconsideration.

For instance, the Court issued an "admonition" at the close of the summary judgment order which threatened Plaintiff, even taking offense to his having filed a petition for writ of mandamus with the U.S. Court of Appeals for the Eleventh Circuit. Specifically, the Court wrote:

### IV. CURIOUSER AND CURIOUSER

While the Court would not ordinarily conclude with an admonition, this is, of course, no ordinary case. Plaintiff's approach to this litigation has been quite suspect, to say the least. As has been made clear in this case, as well as through reviewing the relevant proceedings at issue, when Plaintiff receives unfavorable rulings, he often plunges into a **tirade** against whomever he feels has wronged him—here, it has taken the form of motions to reconsider, objections, and **even a petition for writ of mandamus with the Eleventh Circuit Court of Appeals**. This is all to say that the Court will review any motion for reconsideration of this Order with a very sharp lens. Should Plaintiff file a motion to reconsider, the Court forewarns Plaintiff that any such motion must at least arguably meet the stringent standard for reconsideration of an Order, at the risk of facing sanctions from the Court. To this end, Plaintiff should keep in mind his obligations under Federal Rule of Civil Procedure 11.

Order at p. 32 (emphasis added).

The very fact that the Court would accuse Plaintiff of engaging in "tirades" and derisively mocks him (i.e., Curioser and Curioser) for pursing his rights to seek appellate review and file other pleadings, and in particular seeking appellate review over a ruling involving punitive damages that sought to streamline the litigation – so the case would not have to be tried twice if the punitive damage claim was not put before the jury and the jury found for plaintiff – does not constitute a tirade or any act against the judge for which she should take personal offense. It would appear that the Court indeed is extra-judicially biased against Plaintiff for his asserting his rights and legally questioning, which is his right to do so, the rulings of the judge. [1]

Reconsideration is the appropriate avenue of relief under FRCP 59(e).  As this Court noted in its Order, "[t]he Court recognizes three grounds justifying reconsideration of an order

---

[1] Plaintiff is preparing and will soon be filing an appropriate motion under 28 U.S.C. § 144.

when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Group, Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007); Order at p. 33; *see also True v. Commissioner,* 108 F. Supp. 2d 1361 (M.D. Fla. 2000); *Duckett v. United States,* (2011 U.S. Dist. LEXIS 3754 (W.D. Okla. Jan. 14, 2011) ("The grounds for granting relief from a judgment under Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.") (*citing Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000)).

In his Motion for Reconsideration, Plaintiff demonstrated that this Court erred in determining that Plaintiff did not show constitutional malice and that Plaintiff had demonstrated with circumstantial evidence that Defendants were knowingly making false and defamatory statements or making them with reckless disregard for the truth. Further, Plaintiff showed that granting summary judgment was improper and in error because it was for the jury to determine whether constitutional malice was present.  In his reply, Plaintiff will further confirm and show in detail why Plaintiff's arguments were proper under FRCP 59(e), as well as address Defendants' ad hominem court-inspired attacks.

Wherefore, Plaintiff moves to file a five (5) page reply to address these issues and seeks leave to do so. Defendants do not consent to this motion.

Dated: May 5, 2015

Respectfully Submitted,

*/s/ Larry Klayman*
Larry Klayman, Esq.
Florida Bar No. 246220
2775 NW 49th Ave., Suite 205-346
Ocala, FL 34483
(310) 595-0800
Email: leklayman@gmail.com
Plaintiff Pro Se

## <u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that on this 5th day of May, 2015, a true and correct copy of the foregoing (Case No. 5:13-cv-00143) was filed via CM/ECF and served to the following:

**Sanford Lewis Bohrer**
Holland & Knight, LLP
Suite 3000
701 Brickell Ave
Miami, FL 33131
305/374-8500
Fax: 305/789-7799
Email: sbohrer@hklaw.com


**Scott D. Ponce**
Holland & Knight, LLP
Suite 3000
701 Brickell Ave
Miami, FL 33131
305/789-7575
Email: sponce@hklaw.com

*Attorneys for Defendants*


                                    */s/ Larry Klayman*_____
                                      Larry Klayman, Esq.