**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

CASE NO. 5:13-CV-00143-ACC-PRL

LARRY KLAYMAN,

                Plaintiff,

v.

CITY PAGES, et. al.

                Defendants.

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATON[1]

I.      **Introduction**

Plaintiff, Larry Klayman, hereby files his Reply to Defendant's Response to Plaintiff's Motion for Reconsideration, pursuant to this honorable Court's Order of May 6, 2015 [Dkt # 136]. In his Motion for Reconsideration filed on May 1, 2015 [Dkt # 133], Plaintiff put forth evidence and law from the record that this Court either inadvertently overlooked, failed to understand, or intentionally disregarded as confirmation that a jury must hear this case. Given the mocking comments in the Court's Summary Judgment Order of April 3, 2015, and its expressed resentment that Plaintiff filed a petition for writ of mandamus before the U.S. Court of Appeals for the Eleventh Circuit, **which was his right to do** and which if successful could have limited the need to try the case twice as the Court erred in not recognizing punitive damages having been plead properly *initially*, it is apparent that the Court harbors an extra-judicial bias and prejudice against Plaintiff.

---

[1] As Plaintiff is limited to five pages, this pleading reincorporates by reference Plaintiff's Motion for Reconsideration in total.

1

Importantly, "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the upmost care." *Dimick v. Schiedt*, 293, U.S. 474, 486 (1935).

In Defendants' Response to Plaintiff's Motion for Reconsideration, inspired and emboldened by this Court's prejudicial Order granting Summary Judgment in favor of Defendants on the basis that "the proof presented to show actual malice lacks the convincing clarity which the constitution demands," *see* Order at pg. 31, Defendants' cheaply parrot the Judge's admonitions in her Order. Defendants argue, without any basis, that Plaintiff's reconsideration motion "does not identify an intervening change in controlling law or any new evidence that was previously unavailable to Plaintiff." *See* Defendants' Response at pg. 1. Yet, not surprisingly, Defendants disingenuously omit the *other* grounds for reconsideration – a clear error or manifest injustice – by instead sliding by the rule itself.  There is no doubt that Plaintiff outlined the bases for reconsideration. Even this Court recites the law for reconsideration as ". . . **the need to correct clear error or manifest injustice**." *See* Order at pg. 33. Defendants' state, "[r]econsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59 . . ." *See* Defendants' Response at pg. 2. For the first time in this case, Plaintiff and Defendants agree. Indeed, a reconsideration motion is for errors of law or fact. Unfortunately, Defendants fail to respond to the merits of Plaintiff's arguments instead relying on this Court's threats of sanctions to Plaintiff.

Plaintiff filed the reconsideration motion not because of a "disagreement and dissatisfaction with the Court's reasoning and conclusions . . ." as Defendants disingenuously put it. *See* Defendants' Response at pg. 1. Plaintiff filed the reconsideration motion because the

Judge made clear, factual and legal mistakes in her reasoning, particularly with regard to malice. The record shows evidence that Defendants knew of the falsity of their publications or acted with a reckless disregard to the truth. This Court overlooked the fact that even circumstantial evidence of constitutional malice goes to the jury *every* time. Plaintiff presented sufficient evidence of defamation by implication and a jury should decide *every* time whether defamation by implication occurred. Whether the republications of previous defamatory articles are indeed defamatory goes to the jury *every* time, and this Court worked a manifest injustice to Plaintiff by denying him the right to present his case to the jury.

## II.     Defendants Knew Their Publications Were False

Defendant Hendley admitted that he reviewed the disciplinary and court record in The Florida Bar proceeding. If he reviewed the record, how could he claim, (negligently or otherwise) that Plaintiff Klayman "never" did any work? Nowhere in the record does it say that Plaintiff "never did any work." In fact the link which the Miami New Times article publishes is http://www.floridabar.org/DIVADM/ME/MPDisAct.nsf/DisActFS?OpenFrameSet&Frame=DisActToC&Src=%2FDIVADM%2FME%2FMPDisAct.nsf%2FdaToc!OpenForm%26AutoFramed%26MFL%3DLarry%2520Elliot%2520Klayman%26ICN%3D201170621%26DAD%3DPublic%2520Reprimand. On this link, The Florida Bar Formal Complaint, the Consent Judgment, the Report of Referee and the Supreme Court Order – all part of the record – are visible and at Hendley's blogging fingertips. As this Court can clearly see in Exhibit 1, the link portrays all four documents equally. In other words, Hendley chose to misrepresent The Florida Bar Formal Complaint and not even address the mitigating circumstances presented in the Consent Judgment and accepted by the Supreme Court, the fact that Plaintiff was in financial difficulty and that there was no dishonesty involved, in his article. Importantly, the word "never" *never* appears in

the Formal Complaint. The only time "never" appears is in an attachment that Plaintiff writes in good faith to Bar Counsel: "If the Florida Bar deems it appropriate, I would alternatively be willing to adjudicate Ms. Humm's complaint on the merits, as it was clear that I *never* owed her anything." (emphasis added). *See* Exhibit 2 at pg. 23.

More importantly, however, is the defamatory "liberty" Hendley took in writing his article. While the The Florida Bar Complaint never uses the word "never," it also specifically states that "respondent *alleg[es]* that he had had [sic] failed to provide services in her criminal case." (emphasis added). *See* Exhibit 2 at pg. 1. The Florida Bar, based on the record, never accepted what Humm alleged, as evidenced in the Consent Judgment itself. Allegations by a client and indicted and now convicted criminal like Humm who wants desperately to get a financial windfall by making such an untrue statement, is obviously not established fact. And even if Humm's allegation is taken on its face, that does not mean that Plaintiff never did any work. For example, if Ludlow the Lawyer works on a case and completes a, b and c for the client, yet the client wishes that Ludlow the Lawyer complete x, y, and z, *instead* or *additionally*, then that client could say that Ludlow the Lawyer failed to provide [those] services to her. Even the The Florida Bar Complaint itself does not say that Plaintiff "never" did any work. Moreover, the Complaint says "alleging that he had failed to provide services . . ." It did not say that he failed to provide services. Either way, Hendley admitted to reviewing the record and if he did, he intentionally lied to the public about Plaintiff to maliciously harm him.

### III.   A Jury Must Decide Whether Constitutional Malice Exists When Plaintiff Makes a Showing of Circumstantial Evidence

This Court cut the fact finders' rights off – and indeed Plaintiff's – when it singlehandedly decided that Defendants told the truth in their affidavits and depositions. Whether the Defendants told the truth or not is for the jury to determine, by weighing the witness's

demeanor and the evidence. It is common sense that "it would . . . be rare for a defendant . . . to admit to having had serious, unresolved doubts . . . requiring proof of recklessness without being able to adduce proof of the underlying facts form which a jury could infer recklessness . . ." *Eastwood v. Nat'l Enquirer, Inc.*, 12 F.3d 1249, 1253 (9th Cir. 1997). "[A] plaintiff is entitled to prove the defendant's state of mind through circumstantial evidence." *See Herbert v. Lando*, 441 U.S. 153, 160 (1979). "It cannot be said that evidence concerning motive or care never bears any relation to the actual malice inquiry." *Harte-Hanks Communications v. Connaughton*, 491 U.S. 657, 669 (1989). Plaintiff provided circumstantial evidence of constitutional malice, *see* Plaintiff's Motion for Reconsideration [Dkt # 133] and this Court made clear error in not allowing that issue to go to the jury. And, **the jury was entitled to assess the demeanor of witnesses, which goes to their truth and veracity**. The Court erred when it cut this off.

## IV.    Conclusion

In sum, the Court's summary judgment Order of April 3, 2015, is on its face not only in factual and legal error, but infected with obvious and manifest extra-judicial bias and prejudice against Plaintiff. As a result, it should be vacated and the findings of the Court reconsidered, by another jurist who will assess and weigh the facts and the law in a neutral fashion free of the apparent antipathy toward Plaintiff.

In their Opposition to Plaintiff's Motion for Reconsideration, Defendants hide behind the Court's bias and prejudice and smugly refuse to address the serious manifest errors of fact and law which this Court committed in its inexplicable haste to dismiss this case just days before trial and rule on a summary judgment motion which had been filed almost **six months earlier,** after the Plaintiff, who represented himself pro se, had already spent considerable time and resources preparing for trial and obeying the pre-trial requirements of the presiding judge.

Dated: May 13, 2015

Respectfully Submitted,

*/s/ Larry Klayman*
Larry Klayman, Esq.
Florida Bar No. 246220
2775 NW 49th Ave., Suite 205-346
Ocala, FL 34483
(310) 595-0800
Email: leklayman@gmail.com

Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th of May 2015, a true and correct copy of the foregoing document (Case No. 5:13-cv-00143) was submitted electronically to the U.S. District Court for the Middle District of Florida and served via CM/ECF upon the following:

**Sanford Lewis Bohrer**
Holland & Knight, LLP
Suite 3000
701 Brickell Ave
Miami, FL 33131
305/374-8500
Fax: 305/789-7799
Email: sbohrer@hklaw.com


**Scott D. Ponce**
Holland & Knight, LLP
Suite 3000
701 Brickell Ave
Miami, FL 33131
305/789-7575
Email: sponce@hklaw.com

*Attorneys for Defendants*

                                        */s/ Larry Klayman*
                                        Larry Klayman, Esq.