UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 5:13-00143-ACC-PRL

LARRY KLAYMAN,

    Plaintiff,

vs.

CITY PAGES *et al.*,

    Defendants.

_____/

### **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR DISQUALIFICATION**

Defendants submit their response to Plaintiff's "Motion For Disqualification Pursuant To 28 U.S.C. §144 And 28 U.S.C. §455(a)" (the "Motion") [ECF No. 139]. The Motion should be denied for the following reasons:

Two things must be noted at the outset. First, any notion that the Motion has been brought because Plaintiff really thinks Judge Conway is biased – and not simply because Plaintiff is unhappy that he lost this case – is belied by Plaintiff, himself. At his deposition, Plaintiff "thank[ed] God" not only for the for the fact that Judge Conway was assigned to this case, because she is "a really good judge," but also because she is not among the judges who "wear their biases on their sleeve and do things that harm ordinary folk" (Deposition of Larry Klayman (Exhibit 1), p.34, l.22 – p.35, l.12; p.95, 1.13 – p.96, l.18).

Second, seeking the recusal of judges who rule against him or his clients appears to be standard operating procedure for Plaintiff. There are at least seven published orders and decisions documenting motions for recusal that Plaintiff has filed, and that is to say nothing of how many other motions Plaintiff may have filed that are not documented by published decisions. *See*

*Klayman v. Judicial Watch, Inc.*, 744 F.Supp.2d 264 (D.D.C. 2010); *Baldwin Hardware Corp. v. Franksu Enterprise Corp.*, 78 F.3d 550 (Fed. Cir. 1996); *Strange v. Islamic Republic of Iran*, 46 F.Supp.3d 78 (D.D.C. 2014); *Sataki v. Broadcasting Board of Governors*, 733 F.Supp.2d 54 (D.D.C. 2010); *Meng v. Schwartz*, 97 F.Supp.2d 56 (D.D.C. 2000); *Jones v. Clinton*, 206 F.3d 811 (8th Cir. 2000); *Judicial Watch, Inc. v. Carroll*, 801 So.2d 110 (Fla. 4th DCA 2001).

With respect to the Motion, Plaintiff argues that recusal is warranted because the Court delayed in ruling on Defendants' dispositive motion for summary judgment, the Court's Order granting the motion for summary judgment contains what Plaintiff says are intentional errors of fact and/or law, and the same Order contains remarks that Plaintiff says mock and ridicule him. None of those reasons warrants recusal:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree and favoritism or antagonism (as discussed below) when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal.  Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases ordinarily do not support a bias or partiality challenge.  They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree or favoritism or antagonism as to make fair judgment impossible. . . .  *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.  A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

*See Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (emphasis in original) (internal citations omitted).  The Motion should be denied.

          Respectfully submitted,

          HOLLAND & KNIGHT LLP
          Attorneys for Defendants
          701 Brickell Avenue, Suite 3300
          Miami, Florida 33131
          (305) 374-8500 (telephone)
          (305) 789-7799 (facsimile)

          By: /s/ Scott D. Ponce
          Sanford L. Bohrer (FBN 160643)
          Scott D. Ponce (FBN 0169528)
          Email: sbohrer@hklaw.com
          Email: sponce@hklaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of May 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System.

          /s/ Scott D. Ponce