# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**LARRY KLAYMAN,**

      **Plaintiff,**

v.                                                                 Case No:   5:13-cv-143-Oc-22PRL

**CITY PAGES, KEN WEINER, AARON RUPAR, PHOENIX NEW TIMES, MATHEW HENDLEY and VOICE MEDIA GROUP,**

      **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff Larry Klayman's ("Klayman") Motion to Disqualify the Court, (Doc. No. 139). For the following reasons, the Motion will be denied.

## I. BACKGROUND

This Motion arises out of a defamation action against six Defendants based on three news articles reporting on two separate judicial proceedings involving Klayman in Ohio and Florida. The Court granted summary judgment in favor of the Defendants on April 3, 2015. (Doc. No. 124.)

## II. LEGAL STANDARDS

### A. Section 144

    In pertinent part, 28 U.S.C. § 144 provides the following:

    Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

    The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at

    which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

This statute requires the Court to determine whether the affidavit was "timely filed," [1] "accompanied by the necessary certificate of counsel of record," and "sufficient in statutory terms." *Parrish v. Bd. of Comm'rs of Ala. State Bar*, 524 F.2d 98, 100 (5th Cir. 1975) (en banc).[2] As to the last element, "[l]egal sufficiency is determined as a question of law on the basis whether the affidavit sets out facts and reasons for the party's belief that the judge has a personal bias and prejudice against the party or in favor of the adverse party." *Id.* The former Fifth Circuit adopted a three-part test from the Third Circuit to determine whether an affidavit is legally sufficient under § 144: "1. The facts must be material and stated with particularity;" "2. The facts must be such that, if true they would convince a reasonable man that a bias exists"; and "3. The facts must show the bias is personal, as opposed to judicial, in nature." *Id.* (quoting *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973)) (internal quotation marks omitted); *see also Thomas v. Florida*, No. 8:07-cv-235-T-24TBM, 2007 WL 809664, at *1-2 (M.D. Fla. Mar. 15, 2007) (applying *Parrish*/*Thompson* test and denying § 144 recusal).

---

[1] To be "timely filed," a § 144 affidavit must have been filed with "reasonable diligence," and "will be considered untimely if the affiant, after knowledge of the facts showing the asserted bias, has sought to invoke the court's affirmative action on his behalf before filing the affidavit." 13D Charles Alan Wright et al., *Federal Practice and Procedure* § 3551 (3d ed. 2001). Since Klayman filed his Motion to Disqualify more than six weeks after the Court's summary judgment Order and after he sought reconsideration of the same, it is not clear that the affidavit was timely filed. As it is beyond doubt that the affidavit is legally insufficient, the Court will not address the timeliness issue.

[2] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

**B. Section 455**

Section 455(a) requires judges to disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This has been interpreted to require recusal whenever "an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Curves, LLC v. Spalding Cnty., Ga.*, 685 F.3d 1284, 1287 (11th Cir. 2012) (per curiam). "[T]he substantive standard for recusal based on alleged bias under section 455 and section 144 is largely the same." *Strange v. Islamic Republic of Iran*, 46 F. Supp. 3d 78, 85 n.4 (D.D.C. 2014) (citation and brackets omitted).

### III. ANALYSIS

Having reviewed Klayman's Motion and Affidavit, the undersigned is satisfied that no reasonable observer would question this Court's impartiality. The affidavit identifies four pieces of evidence that purportedly demonstrate extrajudicial bias: 1) the Court's decision to disallow Klayman's claim for punitive damages; 2) the Court's allegedly taking offense at Klayman's petition for a writ of mandamus from the Eleventh Circuit on the punitive damages issue; 3) the Court's "delay" in ruling on Defendants' summary judgment motion; and 4) the Court's quotation of certain passages from *Alice in Wonderland* in the summary judgment order. First, all of these instances are drawn from a handful of judicial decisions. It has long been held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994). Klayman identifies no extrajudicial source of bias, and to the extent that the Court's prior rulings reveal any antagonism toward him, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Id.* This means that "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* Even taking all of the factual allegations in the Affidavit as true, no reasonable observer would believe that the undersigned bore any extrajudicial bias or prejudice against Klayman.

## IV. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Plaintiff Larry Klayman's Motion to Disqualify the Court, (Doc. No. 139), filed May 20, 2015, is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on June 8, 2015.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties