# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**LARRY KLAYMAN,**

      **Plaintiff,**

v.                                                                                  Case No:    5:13-cv-143-Oc-22PRL

**CITY PAGES, KEN WEINER, AARON RUPAR, PHOENIX NEW TIMES, MATHEW HENDLEY and VOICE MEDIA GROUP,**

      **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff Larry Klayman's ("Klayman") Motions to Hold Taxation of Costs in Abeyance, (Doc. No. 132), and for Reconsideration of the Court's Summary Judgment Order, (Doc. No. 133). Defendants City Pages, Mathew Hendley, Phoenix New Times, Aaron Rupar, Voice Media Group, and Ken Weiner (collectively, "Defendants") filed Responses in Opposition to both Motions, (Doc. Nos. 137 and 134, respectively), and with leave of Court, Klayman filed a Reply in support of his Motion for Reconsideration, (Doc. No. 138).

The sole basis for Klayman's Motion for Reconsideration appears to be his disappointment with the conclusions the Court reached after addressing his arguments at summary judgment. Complaints of this kind are why courts of appeals exist; indeed, Klayman's Motion reads much more like an appellate brief than a true motion for reconsideration.

As the Court made clear to Klayman at the end of its summary judgment Order, only three grounds justify reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire*

- 2 -

*v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007). The Court will not reconsider a ruling based on arguments "which could, and should, have been previously made." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000) (internal brackets, citations and quotations omitted); *see also Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990) (motions for reconsideration in the district court "should not be used 'to raise arguments which could, and should, have been made before the judgment is issued.'"). A "party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *Villaflores v. Royal Venture Cruise Lines, LTD.*, No. 96–2103–Civ–T–17B, 1997 WL 728098, at *2 (M.D. Fla. Nov. 17, 1997) (internal citations omitted). The Court will also not reconsider a previous ruling when the plaintiff seeks to relitigate "what has already been found lacking." *McGuire*, 497 F. Supp. 2d at 1358. As the Court has stated on many occasions, a motion for reconsideration must meet this stringent standard. *See id.* (articulating high standard). As Klayman has failed to identify any cognizable basis for reconsideration, the Motion will be denied.

There being no cause to reconsider the summary judgment holding, the primary basis for Klayman's Motion to Hold Taxation of Costs in Abeyance is moot. To the extent that Klayman seeks to abate taxation of costs during the pendency of his forthcoming appeal, the Motion will be denied. Klayman identifies no grounds whatsoever to deny or delay taxation of costs, and it is the usual practice of this and every other district court to permit prevailing parties to recover their costs. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). To the extent Klayman opposed taxation of costs for some other reason, he should have timely responded to Defendants' Motion for the same. (*See* Doc. No. 129.)

Based on the foregoing, it is ordered as follows:

1. Plaintiff Larry Klayman's Motion to Hold Taxation of Costs in Abeyance, (Doc. No. 132), filed April 30, 2015, is **DENIED**. The Clerk is directed to enter the Bill of Costs filed at Doc. No. 129-1.

2. Klayman's Motion for Reconsideration of the Court's Summary Judgment Order, (Doc. No. 133), filed May 1, 2015, is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on June 9, 2015.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties